FINK & SCHMIDT, Respondents, v. D. P. ALDERSON,
Appellant.

Kansas City Court of Appeals, January 25, 1886.

1. MECHANICS' LIENS—ENFORCEMENT OF IN SUITS BEFORE JUSTICES—CON
STRUCTION OF SECTIONS 2875 AND 2878, REVISED STATUTES.—The
manifest construction of sections 2875 and 2878, Revised Statutes,
providing for the enforcement of mechanics' liens in suits for foreclosure before justices of the peace, is, that on the judgment enforcing the lien, the plaintiff should file the transcript with the
circuit clerk, and process should go *from the clerk's office*, and not
from the justice's court, for the enforcement of the judgment. The
execution, of course, must follow the judgment. Its command is,
*first*, to make the debt out of the property of the debtor, the contractor, and if no sufficient property of the debtor can be found,
then to sell the property against which the lien is ordered to be enforced. Before the sheriff can proceed to execute the judgment
against the *special* property, he must exhaust the remedy against
the property of the real debtor ; and if no property of the debtor can
be found, this should be made to appear by the officer's return.

2. ———— RETURN SHOWING IMPROPER LEVY—REMEDY IN SUCH CASE—
CASE ADJUDGED.—Where the return of the sheriff and the proof
show, as in this case, that he levied only on the special property
against which the lien was enforced ; and the return fails to show
that *he made any effort* whatever to *find property* of the debtor (the
contractor), *under such a return*, he was not authorized to sell the
property of the owner. The act of the sheriff in such case is premature, and the remedy is by motion to *quash the levy* and *vacate
the return*. But as the facts recited in the notice and the motion,
in this case, clearly enough indicated the true office of the motion
and the irregularity of the proceedings of the officer ; and the facts
appearing on the hearing, the court should have administered relief *secundum allegata et probata*. Circuit courts have a supervisory
control over their process to see that it is not misused.

APPEAL from Jackson Circuit Court, HON. TURNER
A. GILL, Judge.

*Reversed and remanded, with directions to the circuit court to quash the levy.*

Statement of case by the court.

Plaintiffs, respondents here, obtained judgment in a justice's court against one T. Stephenson, as the original contractor for the erection of a building. The defendant, D. P. Alderson, was the owner of the property, and the judgment further enforced a mechanic's lien against the property of Alderson for the payment of said debt, in favor of plaintiffs, as sub-contractors under Stephenson. On this judgment execution was issued from the justice's court, and by direction of the defendant, Alderson, a debtor of said Stephenson was summoned as garnishee. This execution was ordered returned by plaintiffs as having been improvidently issued by the justice. Thereupon plaintiffs had transcript of this judgment duly filed with the clerk of the circuit court; and had execution issued thereon, and delivered to the sheriff of Jackson county. The sheriff executed this writ by levying it on the property of Alderson, against which the special lien was enforced, and made his return accordingly, without showing that he had made any effort to find property of the principal debtor, Stephenson, and without any return of *nulla bona* as to him.

The defendant, Alderson, gave notice to plaintiffs that at the return term of said writ he would file motion to quash said execution for the reason that plaintiffs had levied, or were about to levy, the same on defendant's property, without first attempting to satisfy the execution out of the property of said Stephenson. At said return term defendant duly filed his motion setting out the facts aforesaid, and asking to quash the writ. The facts were established at the hearing, on the appearance of the parties, substantially as alleged. The court denied the motion, and the defendant has brought the case to this court by appeal.

ALDERSON & YOUNG, for the appellant.

I. The mechanics' lien law should not be permitted to be the means of oppression and tyrrany. Before the

property on which the lien is obtained can be seized to pay the obligations of the defendant debtor, a legal effort and attempt must be made to satisfy the execution out of the latter's property. This must be by a return of *nulla bona* of the execution issued against the defendant debtor, or an effort and attempt to do so by the sheriff, which must appear on the return of the latter officer, both of which were omitted in this case. Rev. Stat., sects. 2875, 2878.

II. The provision of the statute (sect. 2875) is wise and just, and is *mandatory*. The judgment must follow the statute, and the execution the judgment. Phil. Mech. Liens (2 Ed.) sect. 449 ; Freeman on Judg. (3 Ed.) 47 ; Freeman on Ex. 42. Both of which requisites exist in the case at bar. The return of the sheriff shows an immediate and direct levy on the real estate of the owner. It is an elementary proposition that the officer must obey the directions of the writ.

M. CAMPBELL, for the respondents.

I. Respondents' answer to appellant's *first* proposition is that by the very terms of the statute (sect. 2873, Revised Statutes) it is provided that "no execution shall be issued by the justice to enforce the lien of any such judgment against the property," and "that said judgment shall be enforced and executions issued thereon, in all respects, as on judgments of like nature rendered in the circuit court."

II. Respondents' answer to appellant's *second* proposition is that the mandate of the very execution he desires quashed, orders the very thing which he says is "wise and just."

III. The presumption of law is that the sheriff will do his duty. Defendant, however, would not wait to see, but rushed into court with a motion to quash, and thus stop the action of the sheriff. The sheriff made no return. Had defendant paid this judgment he had his remedy against the contractor (Stephenson). Rev. Stat., sect. 3191. He had his remedy against the sheriff for violation of duty to his injury.

PHILIPS, P. J.—I. Section 2875, Revised Statutes, in such actions, provides that if the finding be for the plaintiff, and sustaining the lien, the judgment shall be that he recover the amount of the indebtedness found to be due, with costs, etc., "with the addition that if sufficient property of the debtor cannot be found to satisfy such judgment and costs, the same, or the residue thereof, shall be levied out of the property charged with the lien. But if the finding be for the plaintiff and the lien be not sustained, the judgment shall be in the ordinary form, and may be enforced against the property of the debtor as ordinary judgments of justices of the peace."

Section 2878, Revised Statutes, provides that: "If the judgment be for the enforcement of the lien against the property, as hereinbefore provided, it shall be the duty of the justice, upon demand of plaintiff and payment of fees therefor, to make out and forthwith file with the clerk of the circuit court of his county, a certified transcript of such judgment, and such clerk shall record the same, etc., and the said judgment shall be enforced and executions issued thereon in all respects as on judgments of a like nature rendered in the circuit court ; but no execution shall be issued by the justice to enforce the lien of any such judgment against the property therein described."

The manifest construction of these provisions of the statute is, as we think, that on the judgment enforcing the lien the plaintiff should file the transcript with the circuit clerk, and process should go from the clerk's office and not from the justice's court, for the enforcement of the judgment. The execution, of course, must follow the judgment. Its command is, first to make the debt out of the property of the debtor, the contractor, and if no sufficient property of the debtor can be found, then to sell the property against which the lien is ordered to be enforced.

Before the sheriff can proceed to execute this judgment against the special property he must exhaust the

remedy against the property of the real debtor. If no property of the debtor can be found, this fact should be made to appear by the officer's return. This the record shows the sheriff did not do. His return and the proof show that he levied only on the property of defendant described in the judgment lien. His return fails to show that he made any effort whatever to find property of the debtor. Under such a return he was not authorized to sell the property of defendant, Alderson.

II. The defendant improperly designated his motion as one to quash the execution. The execution was in proper form. It followed the judgment. The irregularity was the act of the sheriff in prematurely proceeding against the special property of defendant. The motion, therefore, should have been designated as one to quash the levy and vacate the return. Freeman on Ex., sect. 361. But the facts recited in the notice and the motion clearly enough indicated the true office of the motion and the irregularity in the proceedings of the officer. And on the facts appearing at the hearing the court should have administered relief *secundum allegata et probata*. *Rankin v. Charless*, 19 Mo. 490; *Miltenberger v. Morrison et al.*, 39 Mo. 72. Circuit courts have a supervisory control over their process to see that it is not misused.

The judgment is reversed and the cause remanded with directions to the circuit court to quash the levy. All concur.