Farley Bros. v. Cammann.

FARLEY BROS., Respondents, v. LILLIAN CAMMANN, *et al.*, Appellants.

**Kansas City Court of Appeals, January 5, 1891.**

1. **Judgments : ENTRY NUNC PRO TUNC : MEMORANDA : PRIVATE NOTATION OF CLERK.** Where sufficient memoranda exists in the minutes of the judge, or in the record or files of the case, by which to correct an erroneous entry of judgment, which entry has been the result of a clerical mistake or misprision, the entry may be amended at a subsequent term, so as to express the judgment which was, in fact, rendered ; and in this case the *memoranda* are *held* amply sufficient, notwithstanding a private notation of "no judgment," made in his minutes by the clerk, to indicate no personal judgment against the married woman defendant.

2. ———: **INTERPRETATION OF : MARRIED WOMAN.** Judgments are now tested by matters of substance rather than by the measure of any particular draft or form ; and so, while there are words, in the judgment set out in the opinion, taken by themselves, which indicated an intention to enter a general charge against the person and estate of a married woman, yet the judgment, considered as a whole, is *held* to amount only to a judgment against her real estate charged with the lien ; and a general personal judgment against the contractor.

3. ———: **MECHANICS' LIEN : FAILURE TO FOLLOW STATUTE.** The mechanics' lien statute provides, when the debtor is summoned or appears, etc., the judgment, if for the plaintiff, shall be against such debtor as in ordinary cases, with the addition that, if no sufficient property of the debtor can be found to satisfy the same, then the residue thereof be levied of the property charged with the lien ; and means that the real estate shall be resorted to only on failure to secure satisfaction from the principal debtor. The judgment must, in every substantial detail, conform to the requirement of the statute, and a failure to do so is fatal.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED ( *with directions* ).

Farley Bros. v. Cammann.

*Sherry & Hughes*, for appellants.

(1) The last entry, made *nunc pro tunc*, is a judgment against both defendants. One of defendants being a married woman, this was error; while it might not be void in a collateral proceeding, it is error. *Musick v. Dodson*, 76 Mo. 624; *Baun v. Bauer*, 40 Mo. 61; *Higgins v. Pellzer*, 49 Mo. 152. (2) The first judgment entry was the judgment actually rendered by the court; hence there was nothing to correct. It was a correct entry of the judgment, asked by parties and actually rendered. The testimony shows this. (3) But where the court has omitted to do that which by the rules of law and the practice of the court it may legally do, it cannot supply the omission at a subsequent term by making an entry *nunc pro tunc*. And, whenever it becomes necessary to make such an entry, the records should show the facts upon which the power is exercised. *Hade v. Curling*, 10 Mo. 362–3; *Gibson v. Chouteau*, 45 Mo. 173; *Chapman v. Spicer*, 10 Mo. 689; *Ross v. Ross*, 83 Mo. 100. *Evans v. Fisher*, 26 Mo. App. 542, is a well-considered case by Judge THOMPSON on this subject. (4) As the petition alleged that the work was done on contract with both defendants, the judgment should have been against the defendant, who was *sui juris*. Mo. Statutes, sec. 6719. It was error to enter a judgment authorizing a special execution to be levied on Lillian Cammann's property, until the execution against Francis D. Cammann (the contractor) was returned *nulla bona*. The lien cannot be enforced against the owner until all the remedies against contractor are exhausted, and until execution against him is returned unsatisfied. R. S. 1889, secs. 6718, 6719; *Fink v. Alderson*, 20 Mo. App. 364.

*Matthews & Meriwether* and *Frank H. Dexter*, for respondents.

(1) The point marked 2 purports to be, and is, a mere question of fact, decided adversely to appellants below, and we contend that not only was it correctly, but that, on the evidence, it was necessarily, so decided. (2) This leaves for discussion only the questions of law raised by appellants' first and fourth points. Taking these up in their inverse order, it is insisted for the respondents that appellant's authorities (R. S., secs. 6718, 6719, and *Fink v. Alderson*, 20 Mo. App. 364) have nothing to do with the case. Those authorities relate to the rights and remedies of a subcontractor who sues the original contractor with a view of getting a personal judgment against him, and also sues the owner for the purpose of subjecting the property to a subcontractor's mechanics' lien. In this case there is no subcontractor suing, nor is there any original contractor being sued; therefore those authorities are inapplicable. (3) Appellants' first point may be subdivided thus: *First.* The last entry made *nunc pro tunc* is a judgment against both defendants. *Second.* One of the defendants being a married woman, this was error. It is conceded that the entry in question is a final determination of the rights of the parties in the action, but so far from being erroneous it is such a judgment as is expressly authorized by the statute. It is not a general personal judgment on which general execution might issue against the estate of the married woman; but, on the contrary, it is a judgment *quasi in rem* to enforce the mechanics' lien on the property subject to it. The worst that can be said of it would be a mere verbal criticism. It contains no substantial or reversible error. *Qui hæret in litera hæret in cortice.* The judgment was the only proper one that could be rendered, under the law and facts. *Tucker v. Gest*, 46 Mo. 339; *Garnett v. Berry*, 3 Mo. App. 197; *Burgwald v. Weippert*, 49 Mo. 60; *Hoskinson v. Adkins*, 77 Mo. 537. (4) The entry made *nunc pro tunc* was entirely within the authorities. Statute

of jeofails, R. S. 1889, secs. 2113, 2114; R. S. 1889, sec. 2101; *Gibson v. Chouteau*, 45 Mo. 171; *Evans v. Fisher*, 26 Mo. App. 541; *Allen v. Sales*, 56 Mo. 28.

GILL, J.—The petition in this case charges that plaintiff under a contract with the two defendants, Lillian and Francis Cammann, did certain work and furnished certain materials, for the erection of a dwelling-house on a lot in Kansas City alleged to belong to said defendants; that the same had not been paid for; that the account sworn to, etc., had been filed, and asks for the enforcement of a mechanics' lien. On the trial of the cause before the court, jury being waived, the court found the issues for the plaintiffs, as appears by the following memorandum entry on the judge's docket: "T. 1-24, by Ct. Jury waived, sub. to Ct., and Ct. finds for plffs. and the amt. due, $255.40, and lien enforced agt. the property described in the pet." It was admitted, however, at the trial that the fee-simple title to the real estate, sought to be charged with the lien, was in Lillian Cammann alone, and not in her and her husband. Hereupon the clerk made the following entry on the court's records:

"Now at this day come the parties, by their respective attorneys, and waive a jury in the trial of this cause and submit the same to the court for trial upon the petition, pleadings and evidence, and the court being now fully advised in the premises finds that Lillian Cammann is the owner of the property described in the petition, viz.: Lot six (6), in block seventeen (17), Dundee Place, an addition to the City of Kansas, Missouri; and that defendants are indebted to said plaintiffs, on the account sued on, in the sum of two hundred and fifty-five and forty-hundredths dollars ($255.40), and that said plaintiffs are entitled therefor to a mechanics' lien against lot six (6), in block seventeen (17), Dundee Place, an addition to the City of Kansas,

Missouri, and the two-story brick dwelling-house, number 1007 East Fifteenth street, situated thereon, and all appurtenances thereto belonging, securing the same." This "find of facts" was the extent of the entry at that time made by the clerk. Hence, it will be seen that no *judgment* was in fact entered. But at the subsequent term, upon motion of plaintiffs, the court directed, and the clerk entered of record, the following judgment *nunc pro tunc,* which after reciting the finding as above adjudged was as follows:

"It is, therefore, considered that the plaintiffs recover of defendants, Lillian and Francis D. Cammann, the sum of two hundred and fifty-five dollars and forty cents ($255.40), and also all the costs of this cause, for which let general execution issue, to be levied only of the goods, chattels and real estate of said Francis D. Cammann.

"This general execution is not to be levied upon any property whatever of said Lillian Cammann.

"But let special execution issue to subject by sale all right, title and interest of said Lillian Cammann on, or to, said lot six, block seventeen, in said Dundee Place, and the two-story brick dwelling-house, number 1007 East Fifteenth street, situated thereon, to the satisfaction of said debt, interests and costs, in favor of plaintiffs and in satisfaction of the mechanics' lien and on said house and lot, by which said debt is secured as aforesaid. Said general and special executions above awarded being for one and the same debt, plaintiffs shall have only one satisfaction. And, it appearing to the satisfaction of the court that the above and foregoing judgment, and decree should have been entered in this cause on the twenty-fourth day of January, 1889, it is ordered that this entry of the same be made *nunc pro tunc.*"

I. Defendant Lillian Cammann, by her appeal, complains: *First,* that the circuit court was not justified

in entering a judgment *nunc pro tunc*, and, *second*, that the judgment so entered is erroneous and improper.

*First.* Now as to the propriety of the court's action in directing the entry of the *nunc pro tunc* judgment. We discover no reason to condemn the circuit court's action in this matter. " All our decisions unite upon the principle that where sufficient memoranda exist in the minutes of the judge, or in the record or files of the case, by which to correct an erroneous entry of a judgment, which entry has been the result of a clerical mistake or misprision, the entry may be amended at a subsequent term so as to express the judgment which was, in fact, rendered." *Evans v. Fisher*, 26 Mo. App. 546, and cases cited. Here ample appears on the record, regardless of the minutes entered by the judge on his docket. The finding of facts written up by the clerk at the time gave abundant evidence of the court's intention to enter the judgment. Besides this, the minutes on the judge's docket clearly indicated the judgment to be entered. But defendants' counsel seem to attach much importance to the appearance of the clerk's minutes which read as follows : " J. W. Sub. to Ct. Ct. finds for plffs. for amt. due, $255.40, and lien vs. property. '*No judgment.*' " These last words, " *no judgment*," the clerk testifies were not put there by the direction of the judge, but were subsequently added by the clerk, of his own motion, to indicate to his own mind that he should not write a personal judgment against Mrs. Cammann—a married woman. These words aside then, and the clerk's memorandum accords with all other entries made at the time. Spelled out it reads, " Jury waived—submitted to court. Court finds for plaintiffs for amount due, $255.40, and lien against the property."

*Second.* Again it is claimed, admitting the authority of the court to enter the judgment *nunc pro tunc*, yet this judgment is erroneous. Defendants' counsel attack the

same on two grounds. It is said to be a personal money judgment against both defendants, and, as one is a married woman, the judgment for that reason is error. Admitting the premise, the conclusion is irresistible. We do not, however, regard this as a general money judgment against Mrs. Cammann. The judgment is very clumsily drafted, and is quite inartistic. It is not in very good form. But we now test judgments by matter of *substance*, rather than by the measure of any particular draft or form. Freeman on Judg., sec. 47. The order goes, it is true, that "it is, therefore, considered that the plaintiffs recover of the defendants, Lillian Cammann and Francis Cammann, the sum of $255.40, etc., for which let general execution issue," but, however, the judgment continues to declare that this general execution is "to be levied *only* of the goods, chattels and real estate of said Francis Cammann. This general execution is not to be levied upon any property whatever of said Lillian Cammann." Then follows direction for a special execution against the real estate of said Lillian. While, then, there are words in this judgment, taken by themselves, which indicate an intention to enter a general charge against the person and estate of Mrs. Cammann, yet, considered as a whole, it amounts only to a judgment against her real estate, charged with the lien. These objectionable words are, at all events, as to her entirely harmless. That portion of the record entry, as to Mrs. Cammann, may be termed a general judgment, followed by language absolutely prohibiting enforcement—a judgment which shall not operate as a judgment. Looking, then to the clear intent and meaning of this *nunc pro tunc* entry, we regard it, in effect, as a general personal judgment against (and only against) the contractor and debtor, Francis Cammann, with a provision for general execution against said debtor, and special execution against the real estate named as the property of Lillian Cammann.

*Third.* This brings us now to the last and more serious objection to the correctness of the judgment. Section 6718, Revised Statutes, 1889, relating to the character of judgment to be entered in mechanics' lien cases, provides: "When the debtor has been" summoned "or appears, etc., the judgment, if for the plaintiff, shall be against such debtor as in ordinary cases, *with the addition that if no sufficient property of the debtor can be found to satisfy such judgment and costs of suit, then the residue thereof be levied*" of the property charged with the lien, as prescribed in the preceding section. Section 6719, following, directs that the execution to enforce said judgment shall be a special *fieri facias*, and shall be in conformity with the judgment. It is obvious that this *nunc pro tunc judgment* was drawn in utter disregard of this provision of our mechanics' lien law. While declaring a general judgment against the debtor, Francis Cammann, "as in ordinary cases," it fails to add, in form or substance, "that if no sufficient property of such debtor can be found, "* * * then the residue thereof be levied" of the real estate of the said Lillian so charged with the lien. But said judgment authorizes two executions—one general against the debtor, and one special against the lien-charged property, and fails altogether to direct that the general execution against the debtor be first exhausted before going onto the said real estate for the residue. The evident purpose of the statute was to enforce payment, first, from the principal debtor (in this case Francis Cammann), if sufficient property can be found, and that the real estate charged should only be resorted to on a failure thus to secure satisfaction. *Fink v. Alderson*, 20 Mo. App. 364. The execution must, of course, follow the terms of the judgment, and the judgment must, in every substantial detail, conform to the requirements of the statute. Freeman on Executions, sec. 42; Phillips on Mech. Liens, sec. 449; R. S. 1889, sec. 6719. For the failure, then, of this judgment thus

to conform to the dictates of the statute, the same must be reversed.

We shall, then, reverse the judgment herein and remand the cause to the circuit court, with directions to so modify the judgment as to conform to the views herein expressed. The costs of this appeal will be adjudged against respondents. The other judges concur.