M. LILLIAN WINFIELD *et al.*, Appellants, v. PAULUS & WILLIAMSON ARCHITECTURAL COMPANY *et al.*, Respondents.

St. Louis Court of Appeals, December 22, 1896.

Bond, Builder's, Suit on : EVIDENCE: PEREMPTORY INSTRUCTION: VERDICT. In a suit by the obligees against the principal and sureties on a builder's bond given to indemnify plaintiffs against all liens and demands that might be had against them or buildings to be erected under the building contract, where the record of four judgments for mechanics' liens against the premises were admitted in evidence, which, while they did not show, except in one instance, that a personal judgment was rendered against the principal contractor, did show that he was made a party in three other cases by publication, and that in all of the cases valid liens had been established against plaintiff's property, and the record disclosed that these judgments were assigned to plaintiffs and satisfied, the court erred in directing a verdict for the sureties on such bond.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

REVERSED AND REMANDED.

*F. A. Wind* for appellants.

Both obligees were properly joined as plaintiffs. *Clark v. Cable*, 21 Mo. 223; *Rainey v. Swizer*, 28 *Id.* 310; *Henry v. Mt. Pleasant*, 70 *Id.* 500; *Ryan v. Riddle*, 78 *Id.* 521; *Ohnsorg v. Turner*, 33 Mo. App. 486.

Alterations and additions were provided for by the contract. Making alterations or additions was not, therefore, a departure from the contract, and does not release the sureties. *Aschenbrordel Club v. Finley*, 53 Mo. App. 256; *Beers v. Wolff*, 116 Mo. 185.

If the evidence does not show a defense to the action on the bond, we submit the cause should be remanded, with directions to enter judgment for plaintiff, the judgments sustaining the liens being conclusive; and there is no denial of the legal service rendered or its value. *McFall v. Dempsey*, 43 Mo. App. 369; *Oberbeck v. Mayer*, 59 *Id.* 292.

*B. Schnurmacher* for respondents Sellers and Hayden.

A lien judgment against land and improvements is a mere incident to a finding against the contracting party. In an action by the principal contractor against the owner there can be no lien established, unless there is also a personal finding against the owner. In the case of a suit by a subcontractor there can be no lien judgment, unless there is a finding of liability against the principal contractor. *Russell v. Grant*, 122 Mo. 161 (179); *Lumber Co. v Schuler*, 49 Mo. App. 90; *Steinkamper v. McManus*, 26 *Id.* 51.

Where a surety buys a judgment against himself and his principal, in the name of another person, he can not recover indemnity from the principal, without first satisfying the judgment. He may proceed upon

the judgment, or satisfy it and sue the party for the money paid, but he can not do both.    Brandt on Suretyship, sec. 194.

Every reasonable intendment will be made in favor of the judgment of the lower court, until the contrary is made to appear affirmatively by the showing of complainant.    *Schreiner v. Orr*, 55 Mo. App. 406; *Spencer v. Crow*, 47 *Id*. 321; *Vaugh v. R'y*, 34 *Id*. 141; *Beckley v. Stroh*, 19 *Id*. 75; *State v. Hawkins*, 100 Mo. 666.

BOND, J.—This suit is upon a builder's bond, the Paulus & Williamson Architectural Company being the principal obligor, and John D. Paulus, D. C. Williamson, John M. Sellers, and Thomas F. Hayden being sureties.    The obligees in said bond are M. Lillian Winfield and the Laclede Building and Loan Association, number 2.    It was executed in furtherance of a building contract entered into between M. Lillian Winfield and the Paulus & Williamson Architectural Company on the fifteenth day of August, 1891, whereby the latter agreed to erect for the former a two story frame dwelling house on a lot of ground in St. Louis county in this state, the first payment under said building contract to be due when the first tier of joists were laid.    Just prior to the maturity of this first payment, the bond in suit was executed in order to enable the owner to get from her co-obligee in the bond the money wherewith to make said payment under her building contract.    When the bond in suit was thus executed it was dated back so as to correspond in date with the building contract.    The petition in this case alleges that the bond in suit was made to indemnify plaintiffs "from and against all and every claim, demand, judgment, liens, and mechanics' liens, costs of fees in suit or otherwise that may be had against them or against the buildings to be erected under said

contract." The petition then alleges that four judg-
ments aggregating $1,209.27 were obtained sustaining
mechanics' liens against the premises, and "that in
discharge of said judgments, and in payment of the
reasonable attorney's fees for services rendered in that
behalf, plaintiffs were compelled to and did expend a
large sum of money, to wit, seventeen hundred dollars."
Wherefore judgment is prayed for the penalty of the
bond, to be satisfied upon payment of said sum of
$1,700 and interest and costs.

The answer of the defendants denies that plaintiffs
paid any money for attorney's fees or for the discharge
of any lien claims or judgments, and denies that the
conditions of the bond were broken.

On the trial the plaintiffs, after adducing evidence
tending to prove the other allegations contained in the
petition, offered in evidence the record of the four
judgments referred to in said petition.

*BUILDER's bond: evidence: peremptory instruction: verdict.* When this offer was made defendants'
counsel objected on the ground that the
records of said judgments did not show
that personal judgments were obtained against the
Paulus & Williamson Architectural Company, the prin-
cipals in the bond and the contractors for the building,
and hence they were not *prima facie* evidence against
the defendant sureties. The court overruled this objec-
tion, and said judgments were admitted in evidence.
The court gave a peremptory instruction to the jury to
bring in a verdict for the sureties on the bond in suit.
From a judgment rendered accordingly plaintiffs have
appealed to this court and assign as error the giving
of that instruction.

Under the mechanics' lien law of this state no
judgment establishing a lien against the land or im-
provements thereon, can be had, where the proceeding
is not by publication, except as an incident to a per-

sonal judgment against the owner of the property or some person standing in a contractual relation with. such owner. R. S. 1889, sections 6713–6717; *Russell v. Grant*, 122 Mo. 161; *Steinkamper v. McManus*, 26 Mo. App. 51. The transcripts of the judgments called for by the bill of exceptions have been made part thereof by stipulation. While they do not show except in one instance that a personal judgment was rendered against the principal contractor, they do show that the principal contractor was made a party defendant in three other cases by publication, and that in all of the cases valid liens have been established against the property of plaintiffs. The record shows that these judgments were assigned to plaintiffs and satisfied. Upon these facts it is manifest that the court erred in directing a verdict for the sureties on the bond given to indemnify plaintiffs against just such liens as were shown by the judgments in question. The judgment of the circuit court will be reversed and the cause remanded. All concur.