M. L. WINFIELD et al., Respondents, v. PAULUS & WILLIAMSON ARCHITECTURAL COMPANY et al., Defendants; JOHN M. SELLERS et al., Appellants.

St. Louis Court of Appeals, December 13, 1898.

1. **Building Contract:** BOND.  In the case at bar it is immaterial whether or not a bond was provided for in the contract, or that the parties to the contract had in mind the execution of a bond when the contract was signed.

2. ——: ——: CONSIDERATION: ESTOPPEL.  The giving of the bond became necessary afterwards, and the fact that it was given for the purpose of raising money to pay the defendant company for its work, and that the money was raised partly on the bond and paid to the company for its work on the house, is a good and valid consideration to support the bond, and such an one as will estop the defendants from defending against it on the ground that it was given without consideration.

3. ——: ——: ——: ALTERATIONS FROM PLANS.  In the case at bar the alterations were made by agreement and were provided for by the terms of the contract and constituted no departure from or abandonment of the contract.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

FREDERICK A. WIND for respondents.

Under substantially the same evidence and record this court held on a former appeal that the circuit court erred in sustaining a demurrer to the evidence. That decision is *stare decisis*. Points 1, 2 and 3, made by appellants, are concluded by this. In them the appellants urge that the court should have sustained demurrer to the evidence for reasons therein stated. (*a*) Under the instructions the jury could only return a verdict for amount paid by plaintiffs, and if there is any controversy of fact, it is concluded by the verdict. (*b*) When a payment is made by the mortgagee, it inures to the benefit of the mortgagor, no matter what form the payment assumes. The lien judgments were an injury to both Mrs. Winfield and the building association; payments made in their discharge were for benefit of both; and bond being payable to both, an action must needs be brought by both. The defense pleaded was that by mutual consent the contract for which bond was given was abandoned and an entirely new and different contract entered into. Under this plea defense are not entitled to show a slight departure from the plans and specifications. Under the contract changes could be made. The question of changes was submitted to the jury under instructions which are not objected to here, and their verdict is conclusive. The only evidence of changes was given by Paulus, and the jury had a right to refuse to believe him. The conversation Hayden, secretary of the building association, had with Mrs. Winfield and Mr. Williamson, of the Paulus & Williamson Company, in

negotiating the loan which required the giving of the builder's bond, are a part of the *res gestae*, and as such competent evidence. All the parties to the contract knew a building loan would have to be negotiated to enable the contract to be consummated, and that negotiation of such a loan required the giving of a builder's bond. The sureties knew the situation, whatever it was. The bond and contract being of same date are presumed to have been executed at the same time, or at least in contemplation of each other. The only evidence to the contrary was given by Paulus, one of the defendants, who was completely discredited and successfully impeached. The execution and delivery of contract and bond are admitted. The judgment records furnish conclusive evidence of the breach of the conditions, and the amounts paid fix the damages. There is no possible merit in the defense.

THEODORE RASSIEUR for appellants.

The bond is payable to plaintiffs as joint obligees. Therefore in an action on the bond they can only recover such damages as were jointly sustained by them. Damages sustained by the one individually can not be awarded in favor of both. Where a bond is given to indemnify the obligees against mechanics' lien judgments, and the proof shows that these judgments were purchased and assigned to a third party and remain unsatisfied, the obligees have not sustained substantial damages until the judgments are paid and discharged, and there can be no recovery. Brandt on Suretyship, sec. 194. Where, without the knowledge or consent of the sureties, the parties depart from the terms of the original contract, the sureties will be discharged. Where the contract itself provides for alterations or additions, only such as are expressly referred to, may

be made thereunder, and they must be agreed upon in the manner pointed out in the contract. Beers v. Wolf, 116 Mo. 179; Evans v. Graden, 125 Mo. 72, 79; Killoren v. Meehan, 55 Mo. App. 427; Eldridge v. Fuhr, 59 Mo. App. 44. Evidence of conversations had between the parties to the building contract, before the execution of the bond are not admissible as against the sureties. Chiltenham Fire Brick Co. v. Cook, 44 Mo. 29.

BLAND, P. J.—Plaintiffs sued to recover on a builder's bond, made payable to Mrs. Winfield and the Laclede Building and Loan Association No. 2, and signed by the Paulus & Williamson Architectural Company as principal, and by J. D. Paulus, D. C. Williamson, John M. Sellers and Thomas F. Hayden, as sureties. The conditions of the bond are that the principal would faithfully comply with the covenants of a certain building contract which the Paulus & Williamson Architectural Company had entered into with plaintiff, M. Lillian Winfield, and that said company would hold the obligees harmless from all mechanics' lien claims and attorneys' fees. The breaches assigned by plaintiffs are that they were compelled to pay out, and did pay out, $1,700 to discharge certain lien judgments (named and described) which had been obtained against Mrs. Winfield's property, and the building the defendant company had contracted to construct and had constructed for her, and in payment of attorneys' fees necessarily paid out in defense of lien claims, and in the settlement of the judgment liens that were obtained for these sums, amounting to $1,600 and $100 attorneys' fees, with interest thereon. Plaintiffs prayed judgment.

The answer of Sellers and Hayden admitted the execution of the building contract and the execution of

the bond, but averred that the bond was not executed until long after the execution of the contract; that the contract did not require a bond, and that the bond was given without any consideration whatever; also that the building provided for in the contract was to be erected and constructed according to certain plans and specifications, but that, without the knowledge or consent of the defendants Sellers and Hayden, plaintiffs and the defendant company agreed upon changes and alterations in the building, and that an entirely different house from the one provided for in the contract was constructed, by reason of which variation they claimed to be released as sureties. Sellers and Hayden further averred that material and costly alterations were made by the defendant company and Mrs. Winfield in the construction of the house, and that other structures and improvements were made on the premises, whereby the contract was materially changed and enlarged to their prejudice, and without their knowledge or consent, by reason whereof they claimed to be released.

Paulus' answer was a general denial. The defendant company and Williamson made default. A trial was had before the court and a jury, resulting in a verdict and judgment for plaintiffs against all the defendants. A motion for new trial was filed by Sellers and Hayden, which was overruled, and they appealed.

The Paulus & Williamson Architectural Company was a corporation, composed of Paulus and Williamson. Mrs. Winfield owned a lot in Old Orchard, St. Louis County, on which she was desirous of erecting a building. On August 15, 1891, she made a contract with the defendant company to erect a dwelling on said lot for her according to plans and specifications furnished by the company, for which she agreed to pay $4,080, to be paid in instalments as the building progressed. Some two or three weeks after the

contract was made and after work on the building had been commenced, Mrs. Winfield and Williamson applied to the Laclede Building and Loan · Association No. 2 for a loan to be made to Mrs. Winfield to enable her to meet the payments called for under the building contract. They were informed by the secretary of the association that before the loan could be made, the contractors (defendants) would have to execute a builder's bond to Mrs. Winfield and the association to in part secure the loan. Williamson agreed to furnish such a bond, and afterwards the bond sued on was executed, presented to the association, and accepted, and the loan was made to Mrs. Winfield, she complying with other requirements, and the money so loaned was paid out to the defendant company for the construction of the house. A final settlement was made between Mrs. Winfield and the company, through and by Williamson, and the balance ascertained to be due the company was paid over to Williamson. A number of mechanics' liens were filed by sub-contractors and materialmen against the property, and suits brought to reduce them to judgments. Frank A. Wind, Esq., was employed to defend these suits, four of which were reduced to judgments, aggregating with costs $1,600, which were paid by the Laclede Building and Loan Association. For his services—which appear to have been reasonable—Wind charged $100. The plans and specifications were not produced on the trial. Paulus testified that the kitchen part of the house according to specifications was increased in dimensions by agreement between defendant company and Mrs. Winfield from a 10x10 room to a 14x15 room, at an increased cost of about $50, and that in a partition where a door was called for an arch-way was constructed. There is evidence also that a cistern was made, a stable erected with a shed annexed; that

sidewalks were made and the lot fenced in; but what these improvements have to do with this case, we are unable to say; they are not mentioned in the contract; they may be in the specifications, but if any of them are in any of the lien accounts filed on which judgments were obtained, it does not so appear from the evidence, and not so appearing it is reasonable to assume that they, nor any of them, are included in any of the lien judgments. The third clause of the contract provides that "should any alterations or additions be required in said work, a fair and reasonable valuation of the said work shall be added or omitted as the case may be." At the close of the evidence defendants Sellers and Hayden asked the court to instruct the jury to find the issues for them. This the court refused to do. This refusal is assigned as error. This case was brought here by appeal before, and because the trial court did give such an instruction the judgment was reversed and the cause remanded. (68 Mo. App. 194.) The evidence is not materially different on the last trial from what it was on the former, hence that the evidence was sufficient to carry the case to the jury is *res judicata.*

The contention that the bond is without consideration is without merit. The giving of the bond was necessary to raise the money to carry on the building, of which fact the defendant company was fully informed, and with this knowledge executed the bond, to secure in part the loan, and relying on the validity of the bond the association made the loan and parted with its money. In such circumstances it is immaterial whether or not a bond was provided for in the contract, or that the parties to the contract had in mind the execution of a bond when the contract was signed. The giving of the bond became necessary, afterwards, and the fact that it was given for the

purpose of raising money to pay the defendant company for its work, and that the money was raised partly on the bond and paid to the company for its work on the house, is a good and valid consideration <span>CONSIDERATION for the bond.</span> to support the bond, and such an one as will estop the defendants from defending against it on the ground that it was given without consideration. The alterations made were by agreement, and were provided for by the terms of the contract and constituted no departure from or abandonment of the contract. Some objections were made to the admission and rejection of testimony. An examination of the record has satisfied us that the objections are more technical than meritorious.

No prejudicial error appearing in the record, the judgment, with the concurrence of the other judges, will be affirmed, and it is so ordered. All concur.