## CHAS. E. HILL, Appellant, v. CHOWNING, SCOTT & COMPANY, Respondents.

### Kansas City Court of Appeals, April 7, 1902.

1. **Mechanics' Liens:** SEVERAL CONTRACT: ENFORCEMENT OF: JUDGMENT. Where several parties contracted for the erection of a building, each party to pay only a definite amount mentioned, the contract was several but all the parties were necessary to the enforcement of a mechanic's lien on the building, since the lien is indivisible and the judgment should be a personal judgment against each party for the amount he has failed to pay and then for the enforcement of the mechanic's lien for the total amount for the several judgments, and section 4216, Revised Statutes 1899, is not applicable.

2. **Res Adjudicata:** JUDGMENT ENFORCING LIEN: PERSONAL JUDGMENT: SPLITTING DEMAND. Several parties by their contract agreed to pay different definite sums for the building of a creamery. The contractor making them all parties enforced a mechanic's lien for the balance due him but took no personal judgment

against the non-paying parties. He afterward instituted this action against one of the non-paying parties to recover the amount he agreed to pay. *Held*, the matter was *res adjudicata* by the mechanic's lien judgment, as the contractor could not split his demand into two actions, one to enforce the lien and one for a personal judgment.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,.* Judge.

Affirmed.

*H. T. Herndon* and *Meservey, Pierce & German* for appellant.

(1) The action for the enforcement of a mechanic's lien was to enforce a different demand and upon another form of relief; therefore, it is not a bar to this action. Wells on Res Adjudicata and Stare Decisis, sec. 282; 1 Herman on Estoppel and Res Adjudicata, p. 299; State ex rel. v. James, 82 Mo. 509; Winham v. Kline, 77 Mo. App. 47; Baker v. Lane, 137 Mo. 682; 21 Am. and Eng. Ency. of Law, p. 227. Davis v. Barber, 51 Fed. 148. (2) While there are no decisions in Missouri sustaining plaintiffs' right to the enforcement of a lien under such circumstances, there are abundant authorities in other States. Davis v. Colusa, 55 Ill. App. 591; Davis v. Vice, 15 Ind. App. 117; Waddy v. Davis (Ky.), 45 S. W. 895; Chicago Building Co. v. Tolbertson (Ga.), 31 S. E. 809; Hines v. Chicago Building Co. (Ala.), 22 So. 160. (3) A suit for the enforcement of a mechanic's lien is a cumulative remedy and does not bar a subsequent action on the contract. Phillips on Mechanics' Liens, secs. 311, 312. Clark v. Blair, 14 Fed. 812; Tabor v. The Cerro Gordo, 54 Fed. 391; Ramsbottom v. Bailey, 56 Pac. 1036, 124 Calif. 259; Lieb v. Lichtenstein, 121 Ind. 483; State ex rel. v. James, 82 Mo. 509; Winham v. Kline, 77 Mo. App. 47; Railroad v. Traube, 59 Mo. 355; R. S. 1899, sec. 4215.

*F. B. Ellis* for respondent.

(1) The plaintiff had two remedies; he could sue on the contract to enforce his lien and having sued to enforce the lien, he can not now bring the suit upon the same contract which was the basis of his suit for the lien. A judgment rendered on that contract will bar this action provided that all of the parties were parties to that action. A judgment upon a contract for the erection of a building is conclusive upon that contract. Dempsey v. Schawacker, 140 Mo. 680; State ex rel. v. Branch, 134 Mo. 592. (2) When the effect of a judgment is to decide a particular issue of fact, that issue must be held *res adjudicata,* as to the parties then before the court. And it is immaterial in what form that issue was raised, if it was decided between the adversary parties upon its merits. Young v. Byrd, 124 Mo. 590; Nave v. Adams, 107 Mo. 415; Farley v. Cammann, 43 Mo. App. 168; McFall v. Dempsey, 43 Mo. App. 369. (3) Yet the mere fact that the judgment is irregular will not exclude it as a bar to another suit upon the same cause of action and between the same parties. State v. Wear, 145 Mo. 162; Lovitt v. Russell, 138 Mo. 474.

BROADDUS, J.—On the twenty-second day of December, 1897, the plaintiff and one F. J. MacNish as partners agreed with a number of persons at Lathrop, Missouri, for a consideration of $3,150, to erect for them a creamery at said place. The contract was in writing, to which are subscribed the names of the persons who were interested in the said creamery. By the terms of the contract each subscriber bound himself for only so much of the price to be paid to the plaintiff as was set opposite his name, the contract in that respect being several. The defendants herein bound themselves to pay the sum of one hundred dollars. The contract for the erection of the creamery was complied with by the plaintiff and his partner, MacNish; but as a part of the subscribers to

the fund failed to pay according to their agreement, the plaintiffs as contractors for the erection of the creamery brought suit to enforce a mechanic's lien against the interest of those not so paying their subscriptions, amongst which were the defendants. In the suit thus brought, the defendants, with all the other subscribers to said enterprise, were made parties, and it appears that the defendants made default and judgment was rendered by the court in which it was found that there was still due the plaintiffs therein with interest the sum of $814.38, and subjecting the interest of all the defaulting subscribers, including the defendants herein, to plaintiffs' lien; but no personal judgment was rendered against any of them.

Personal service of notice of the suit was had against the defendants in said suit, but they did not contest the plaintiffs' right to a judgment, being in default. That part of the judgment pertinent to the inquiry before us is as follows: "It is therefore ordered, adjudged and decreed that plaintiffs have and recover the sum of $814.38, being the principal and interest of the balance due on said contract, with interest at the rate of six per cent per annum from this date and costs of suit, the same to be levied out of the following described real estate, to-wit (describing the property), together with the buildings and improvements thereon located and the appurtenances thereto belonging, and that execution issue therefor." A special execution was issued on said judgment, as directed therein, and the interests of the said defaulting subscribers sold, but the same was returned wholly unsatisfied, the sale resulting in proceeds sufficient only to pay the costs incurred in making the sale.

The plaintiff, as assignee of the said partnership of himself and said MacNish, brings this suit against the defendants for the amount of their subscription, and defendants set up said suit to enforce said mechanic's lien as a bar to plaintiff's right to recover. The court found for the defendants and plaintiff appealed.

The contention of the appellant is that the facts did not show that his claim had been adjudicated in the former suit to establish a mechanic's lien, as there was no personal judgment rendered therein against the defendants. Among other reasons given, it is asserted that a personal judgment could not have been rendered in that case for the supposed reason, we may assume, that the various defendants were not jointly bound as their obligations were several.

It is true, that had plaintiffs sued to obtain a simple judgment, disconnected with any attempt to enforce their mechanic's lien, there would have been a misjoinder both of parties and causes of action. But the reason will not hold good if the question is considered with reference to the object of the suit, which was to enforce a mechanic's lien. While it is true that each defendant was liable only for the amount he subscribed to the enterprise, and his interest in the property was proportionate to the amount of his subscription, yet plaintiff's lien was indivisible and included the whole property. And such being the case, no judgment could have been rendered against any one of the defendants for the whole amount due from the several subscribers and none could have been rendered against any one of the defendants for any specified amount of work done or materials furnished by reason of the indivisibility of the lien. But we hold that if the plaintiffs were entitled to a lien, which is not now open to inquiry since a court of competent jurisdiction has held that they were, they were entitled to a personal judgment against each defendant for the amount of his subscription, with the addition that if no sufficient property of such subscriber could be found to satisfy such judgment and costs of suit then the residue be levied of the property charged with the lien, as is usual in cases to enforce liens. In this way the interest in the property of each defendant could have been subjected to the lien and the purchaser at a sale made under such judgment would get his proportionate interest in the property.

Section 4216, Revised Statutes 1899, has been held by our courts as mandatory.    See Farley Bros. v. Cammann, 48 Mo. App. 168; Winfield v. Architectural Co., 68 Mo. App. 194. In the first of these cases, it was held that a judgment to enforce a mechanic's lien and no personal judgment had against the debtor, who was party to the suit and served with summons, was fatally defective.    Section 4216, supra, has reference to cases where the debtor and the owner of the property are not one and the same persons.    In the case under consideration the debtors and the owners of the property are the same persons, therefore, said section as to proceedings like this does not apply, but is governed by the usual regulations of the code of practice as provided by section 4210, Revised Statutes 1899.

Under the facts of this case it was competent to join delinquent subscribers as defendants in the same suit, for the object was to enforce the plaintiffs' indivisible lien upon the property; and as this could not have been accomplished by separate suit, it was imperative that they all be joined in one. See section 767, Revised Statutes 1899.    Though there was no joint liability, they could be sued jointly, but the judgment should ascertain and declare their liability separately.    Walker's Adm'r v. Deaver, 79 Mo. 664.

As the judgment under consideration is not to be construed by the provisions of said section 4216, but as an ordinary judgment it remains to be seen whether thereby the plaintiff as the assignee is estopped from prosecuting this case.    We think he is.    It is said by our courts that "the law abhors a multiplicity of actions, and whenever it appears that plaintiff has sued out two writs against the same defendant for the same thing, the second writ shall abate."    Robbins v. Conley, 47 Mo. App. 502.    Here the cause of action was the defendant's indebtedness for which plaintiffs sought a lien under the statute, which was a mere incident to their right to recover,

Vol 93, app—40.

but instead of taking a personal judgment and one to enforce their lien they took only a judgment to enforce their lien. We believe that in so doing they waived their right to prosecute another and separate suit for the same demand, as they are seeking to do in this case. Their cause of action was practically one cause of action, and they were not authorized to split it up so as to be able to have two actions against the defendants instead of one. The law is well settled in this respect. Funk v. Funk, 35 Mo. App. 246; Laine v. Francis, 15 Mo. App. 107.

It is a general rule that "if a party, having a cause of action which he may litigate and conclude in one suit, divide it, and sue and recover in respect of part of it, this judgment concludes him as to the whole, and he can not, therefore, sue as to the remainder." Steiglider v. Railroad, 38 Mo. App. 511; West v. Moser, 49 Mo. App. 201; Lumber Co. v. Agr. and Mechanical Society, 59 Mo. App. 24.

For the reasons given the cause is affirmed. All concur.