**MID–WEST ENGINEERING & CONSTRUCTION CO., a Corporation, Plaintiff-Appellant-Respondent,**

**v.**

**Joseph A. CAMPAGNA, Randolph Development Corporation, a Corporation, and Campagna Corporation, a Corporation, Andrew Sansone and Roads Realty, Inc., a Corporation, Defendants-Appellants-Respondents.**

**No. 52572.**

Supreme Court of Missouri, Division No. 1.

Nov. 13, 1967.

As Modified on Court's Own Motion; Motion to Modify Opinion Denied Dec. 11, 1967.

Shifrin, Treiman, Schermer & Susman, Sylvan Agatstein, St. Louis, for plaintiff-appellant-respondent.

Ackerman, Schiller & Schwartz, Clayton, for defendants-appellants-respondents, Andrew Sansone and Roads Realty, Inc., Gideon H. Schiller, Clayton, of counsel.

SEILER, Judge.

This case is the sequel to Mid-West Engineering & Construction Co. v. Campagna et al., (Mo.Sup.) 397 S.W.2d 616, and involves the question of whether interest accruing on the principal sum due the plaintiff-contractor for work done and materials furnished is lienable against the interests of the owner and lessee of the premises, not parties to the construction contract. In its petition plaintiff prayed judgment against the obligors in the construction contract for the entire balance of principal on the account, $73,236.37, with 6% interest from September 17, 1958, and costs, and further that said amount, interest, and costs be adjudged a mechanic's lien against the land in question, owned by defendant Andrew Sansone and leased by defendant Roads Realty, Inc. On July 18, 1964, the trial court entered judgment for plaintiff against the obligors in the sum of $73,236.37, with interest at 6% from September 17, 1958, to date, to-wit, $25,632.33, or a total of principal and interest of $98,869.10, but the court did not decree the same to be a mechanic's lien against the land.

On appeal, in 397 S.W.2d 616, the court held plaintiff was entitled to a lien for work done and materials furnished through July 29, 1958, but not thereafter because of certain lien waivers, and reversed the judgment of the trial court insofar as it disallowed the lien claim of plaintiff. The cause was remanded to the trial court for further proceedings with respect to such lien claim consistent with the opinion and the remainder of the judgment of the trial court was affirmed, 397 S.W.2d 616, 630, 634.

Back in the trial court a general execution was issued on the judgment recovered against the defendant obligors. It was returned unsatisfied July 5, 1966. Plaintiff and defendants Sansone and Roads Realty, Inc., owner and lessee, respectively, entered into a stipulation providing that by consent the court should adjudge and decree that plaintiff was entitled to a mechanic's lien against the freehold interest and leasehold of said defendants in the principal sum of $51,100 for work done and materials furnished by plaintiff, which sum was to be paid contemporaneously with the filing of the stipulation and nulla bona returns on the general judgment debtors.

The parties further stipulated the trial court should determine as the sole issue whether plaintiff was entitled to interest upon the principal sum of $51,100 accruing from September 18, 1958, to be included with said principal sum as a mechanic's lien claim and if entitled to include said interest, the amount and the basis upon which computed. The parties also stipulated that no admissions were made and that both sides reserved the right to appeal.

The court found that plaintiff was entitled to interest on the $51,100 from September 18, 1958, until July 5, 1966, the date on which the principal sum of $51,100 was paid to plaintiff, said interest amounting to $23,906.29, which amount the court decreed as a mechanic's lien against the property ahead of defendant Sansone's fee and defendant Road Realty, Inc.'s lease.

Both sides have appealed. Defendants Sansone and Roads Realty, Inc., contend no interest whatever should be allowed against the landowner and lessee, they not having been parties to the construction contract. Plaintiff contends interest is allowable and that it should have been computed on the $51,100 to the date of the original judgment and thereafter computed "upon that judgment including interest and principal until July 5, 1966".

We are of the opinion the trial court was correct in holding the interest lienable. Rule 101.06[1] provides "The court shall as-

---

1. Except as otherwise noted, all references to rules are to V.A.M.R., and all statutory references are to RSMo 1959 and V.A.M.S. Secs. 429.180, 429.210, 429.230 and 429.240 mentioned herein are, except for a few minor changes, identical with rules 101.03, 101.06, 101.-08 and 101.09.

certain, by a fair trial in the usual way, the amount of the indebtedness for which the lien is prosecuted, and may render judgment therefor in any sum not exceeding the amount claimed in the demand filed with the lien, *together with interest* and costs * * *" (emphasis ours). This rule is identical with Section 429.210, which has been part of the mechanic's lien law since 1866, G.S. Mo. 1866, Ch. 195, Sec. 11. Defendants contend the landowner's liability is predicated solely on rules 101.08 and 101.09; that rule 101.08, entitled "Judgment on Constructive Notice", and rule 101.09, entitled "Judgment on Personal Service", prevent interest liability from being imposed on owners who are not parties to the contract; that the "indebtedness" referred to in rule 101.08 does not mention or include interest and since interest, they therefore contend, is not allowed under said rule, the same is true of rule 101.09, because under the latter rule two levies are to be made, the first against the debtor and if that is not sufficient, then a second levy for the residue as provided in rule 101.08, which does not include interest.

For authority defendants cite Hill v. Chowning, 93 Mo.App. 620, 67 S.W. 750, saying it holds that "Rule 101.06 covers only cases where the debtor and owner are one and the same person and that Rule 101.09 only has reference to cases where the debtor and owner are different persons" and that "When it comes to levying on a judgment against the non-contractor owner, one must look solely to Rule 101.08."

The question in the Hill case was, where the contractors had prosecuted to judgment a suit to establish a mechanic's lien (on which a special execution was returned wholly unsatisfied), but had obtained no personal judgment against the parties to the contract, could the contractors bring a subsequent action against some of the same defendants for the amount of their subscription to the building contract? The court held no, that in the first action instead of taking a personal judgment and a judgment to enforce the lien, they took only a judgment to enforce their lien and so waived their right to prosecute another suit for the same demand. The court said that Section 4216, R.S.1899 (now rule 101.09) has reference to cases where the debtor and the owner are not one and the same person and is mandatory. This, however, referred to the object of said statute to require payment first from the principal debtor if sufficient property could be found with the real estate charged to be resorted to only on a failure thus to secure satisfaction, as can be seen from the citation in the opinion of Farley Bros. v. Cammann, 43 Mo.App. 168.

We fail to see how Hill v. Chowning supports defendants' contentions. The case makes no mention of what is now rule 101.06 and cannot be said to hold that the judgment referred to in said rule, including interest, applies only where the debtor and the owner are the same. All the case says about the situation where the debtor and the owner of the property are the same person is that such case is governed by the usual provisions of the code of civil procedures, as specifically provided by what is now rule 101.03.

It is clear that rule 101.06, by express terms, allows interest to be included in a judgment in a mechanic's lien suit and if plaintiff succeeds in establishing his right to a lien, the judgment rendered, including interest, is a lien upon the land and the improvements and we overrule defendants' contention to the contrary. It does not seem reasonable that the mechanic or materialman can rely on the debtor-contractor for principal and interest (as defendants concede he can do), but where the debtor and owner are different persons, can rely on the owner only for principal, and we do not think the fact that interest is not mentioned in rules 101.08 and 101.09 calls for such a result. These two rules relate to procedure, to the provisions to be included in the judgment as to

levy on the property described in the petition.

Defendants contend it is unfair to include interest in the lien allowed against a non-privity owner. However, it must be remembered the owner has it in his power originally to prevent construction from taking place on his land under circumstances which might be the basis of a mechanic's lien against it. Here, for example, this court held on the first appeal that the parties contemplated improvements being made on the premises, that these were a benefit to the reversionary interests, and that the work was done and materials furnished under conditions subjecting the interests of these defendants to liens. If the landowner sees fit to lease his land for commercial development he must take into consideration the mechanic's lien statutes. The lien is only an incident to the right to recover for the work and materials. It would be an incomplete remedy to allow a lien for the reasonable cost of the work and materials but not interest thereon after the account should have been paid.[2] We have held that the mechanic's lien law should be construed as favorably to mechanics and materialmen as its terms will permit, Vasquez v. Village Center, Inc., (Mo.Sup.) 362 S.W.2d 588, 591–592, and it was said in Joplin Supply Co. v. West, 149 Mo.App. 78, 130 S.W. 156, 159–160, that "Our courts have always held the law should be liberally construed." Accord: Chance v. Franke, 350 Mo. 162, 165 S.W.2d 678, 680. The statute is a remedial one, Gruner & Bros. Lumber Co. v. Nelson, 71 Mo.App. 110, 121. If the contractor can only recover for the reasonable cost of the work and materials the effect is that the debtor or the owner are the beneficiaries of an interest free loan. We believe the legislature, in providing in Section 429.210 that the court may render judgment for the amount claimed in the demand, "together with interest", meant interest is includable and lienable in any mechanic's lien judgment, including the situation where the owner is not in privity with the contractor. The exact point does not seem to have been discussed by the Missouri courts, although we note that in Christopher & Simpson Architectural Iron & Foundry Co. v. Steininger Const. Co., 200 Mo. App. 33, 205 S.W. 278, 286, which was an action by a subcontractor against the general contractor and the owner for a mechanic's lien, the court approved the allowance of interest to plaintiff from the date on which it first demanded payment of its claim. In Holland v. Cunliff, 96 Mo. App. 67, 69 S.W. 737, no personal judgment could be entered against the owners, because they had been discharged in bankruptcy, but nevertheless the court affirmed a mechanic's lien judgment including interest against the premises. In Darlington Lumber Co. v. Pottinger, 165 Mo.App. 442, 147 S.W. 179, which apparently involved a mechanic's lien against a non-contracting owner, the court held that an instruction offered by plaintiff should have been given, which instruction called for the allowance of interest.

Defendants also contend that under rule 101.08 no interest is collectible from the landowner where the contractor has "skipped" and can be served only by publication and it therefore would be discriminatory and unconstitutional to hold that interest is collectible from the landowner under rule 101.09, where personal service is obtained on the general judgment debtor; that this would not be a rational classification. Defendant cites the due process clauses of the state and federal constitutions in support of this contention, along with three Missouri decisions, which we have examined and do not find in point. As earlier indicated, we do not agree with defendants' con-

---

2. We need not concern ourselves under the facts of this particular case as to the proper starting date for the interest, because the stipulation provides interest, if allowed, shall be computed from a given date.

struction of these statutes and the alleged constitutional point is not meritorious. In any event, no such contention was presented to the trial court at the pre-trial or trial stage. It was first mentioned in the motion for new trial and hence was not raised at the first available opportunity and is overruled.

■ Defendants also contend that since the owner and lessee were not in privity with the plaintiff, plaintiff's claim must be established by quantum meruit and hence there can be no interest prior to judgment. In Mississippi Woodworking Company v. Maher, (Mo.App.) 273 S.W. 2d 753, 755, in commenting on the situation where there is no contractual relationship between the contractor and the landowner, the court said:

" * * * The landowner has never agreed to pay the sub-contractor anything and is not personally indebted to him. It is only by reason of the mechanic's lien statute that the property may be subjected to the payment of the lien claim. In this situation the lien is not necessarily for the contract price but is only for the reasonable value of the labor and materials furnished * * *"

■ Defendants do not contend the lien account statement was not sufficiently itemized, and the court in the original opinion held plaintiff was entitled to a lien. The fact that the claim is for the reasonable value of the labor and materials furnished does not mean interest is not properly includable in the judgment. See Laughlin v. Boatmen's Nat. Bank of St. Louis, 354 Mo. 467, 189 S.W.2d 974, 979, where the court considered the question of whether on a re-trial the administratrix could recover interest on an action in quantum meruit for the reasonable value of legal services, defendant contending the claim was not an "account" within the meaning of the statute, and the court saying:

" * * * On principle there is no reason for denying interest when the action is in quantum meruit and the claim is unliquidated in the sense that the amount due is to be measured and determined by the standard of the reasonable value of the services * * * If the defendant is liable for the reasonable value of services he is under a legal duty to liquidate the sum due and interest should be allowed from the time he should have paid * * * This principle has been applied often in actions for the reasonable value of work and labor * * *"

Defendants' above contention is therefore overruled.

■ Plaintiff's claim the trial court should have computed interest on the $51,100 from September 18, 1958, to the date of the original judgment, and thereafter computed interest on the combined total of principal and interest until July 5, 1966, should be sustained. Plaintiff had a general judgment against the principal debtors for $98,869.10, which included interest on the principal sum, $73,236.37, from September 17, 1958, to the date of judgment. This judgment was affirmed on appeal, 397 S.W.2d 616. The principal amount with which we are now concerned, $51,100, representing the work done and materials furnished, through July 29, 1958, was arrived at by stipulation. It stands in place of what the trial court should have found at the time of the original judgment was the lienable portion of the principal sum, $73,236.37. Interest, therefore, should have been computed on the $51,100 from September 17, 1958, to the date of judgment July 18, 1964, and thereafter on that judgment, including interest and principal until July 5, 1966. This means the judgment of the trial court should have been for $26,023.24 instead of $23,906.29.

The judgment is therefore reversed and the cause is remanded to the circuit court with directions to enter judgment in favor of plaintiff in the amount of $26,023.24

as of September 27, 1966, and that plaintiff shall have a mechanic's lien against the real estate described in the petition in said amount, which shall be a prior lien to the fee interest of defendant Sansone and the leasehold interest of defendant Roads Realty, Inc., with the costs to be assessed the same as set forth in the judgment of the trial court rendered September 27, 1966.

STORCKMAN, J., and MORGAN, Special Judge, concur.

HENLEY, P. J., not sitting.