ELDON ICE & FUEL CO., Respondent, v. H. B. VANHOOSER, Appellant.

Kansas City Court of Appeals, April 29, 1912.

1. **APPEARANCES: General and Special: Continuance.** After a special appearance on a motion to dismiss was overruled, defendant appeared and consented to a continuance of the cause to the next term, and it was held to waive notice by summons.

2. **REPLEVIN: Petition and Affidavit: One Paper.** In replevin, the petition and affidavit may be on one paper, the petition containing all that need be stated in an affidavit, the affidavit, itself, following the petition.

3. **————: ————: Prayer: Jurisdiction: Amendment.** A petition and affidavit in replevin being on one paper, the fact that the petition does not contain a prayer for a return of the property is not so fatally defective as to destroy jurisdiction, and an amendment by adding a prayer may properly be allowed.

4. **————: ————: Description: Return: Judgment.** If a petition in replevin sufficiently describes the property, the fact that the sheriff's return and the judgment describe the same property more minutely, will not vitiate the proceedings, where the judgment recites that it is the same property described in the petition.

Appeal from Miller Circuit court.—*Hon. John M. Williams*, Judge.

AFFIRMED.

*W. S. Stillwell, Eugene Kraemer* and *R. M. Embry* for appellant.

*L. N. Musser, W. S. Pope* and *W. M. Williams* for respondent.

ELLISON, J.—Plaintiff's action is replevin, begun in the circuit court, where he recovered judgment.

The objections to the judgment relate principally to the jurisdiction of the trial court, both as to the person and subject-matter. The former objection need not be considered further than to say there was a general appearance made by defendant. There was a special appearance for the purpose of a motion to dismiss based on the ground, among others, that no "summons or petition was served on defendant." But afterwards there were several appearances generally. After the motions were overruled, and at the same term of court, a continuance was granted "by consent of parties" to the next term. That, alone, amounted to a general appearance.

The chief complaints concern the petition. It seems that a petition and affidavit were made in one paper. It was in the form of a petition and contained all things necessary to be stated in the affidavit when filed as a separate paper, and at the bottom an affidavit was attached; but the petition did not contain a prayer for judgment for a recovery of the property. During the pendency of a motion to dismiss, the trial court gave plaintiff permission to amend by adding the prayer, and the amendment was made, but there was no new affidavit.

When leave was given to amend, no exception was taken. The motion to dismiss was then overruled and no exception saved. Ordinarily, failure to except would leave no right of complaint, in an appellate court. [Meeks v. Mining Co., 141 Mo. App. 648.] But defendant insists that the court had no jurisdiction of the subject-matter so far as this case is concerned; that is, that while the court had jurisdiction of replevin generally, there was nothing in this case to call such jurisdiction in action, or to put it in motion. We readily concede that though a court has jurisdiction of a class of actions, there must be a proper

invitation for an exercise of that jurisdiction—the jurisdiction must be invoked. [Charles v. White, 214 Mo. 187; Munday v. Vail, 34 N. J. L. 418; Waldron v. Harvey, 54 W. Va. 1. c. 613.]

But where a petition is in all respects sufficient save for the omission of a prayer, as this one, we do not believe that defect so far nullifies the paper as to deprive it of the efficacy of an invocation of jurisdiction; or that it is so far defective as not to afford a base for amendment. The omission of a prayer will not destroy jurisdiction. [Sannoner v. Jacobson, 47 Ark. 31; Board of Supervisors v. Mineral Point R. R. Co., 24 Wis. 93, 122; State ex rel. v. Boone, 108 N. C. 78.]

It is insisted that the sheriff took property, as shown by his return, which he was without right to take under the descriptions set out in the petition; and that the judgment itself is erroneous in including property not mentioned in the petition. The fact is that the return of the sheriff and the judgment describe the property more minutely, or in detail, than does the petition. But the judgment recites that the property therein set out, is the property described in the petition. The description in the petition covers more than a printed page, detailing the different kinds of property claimed; but among other things was a certain named "ice plant in which ice is manufactured," and the machinery in the ice plant building and all appliances connected therewith. It seems that neither the sheriff nor the court went outside the claim of the petition, but the return and the judgment, as stated above, enter into more detail of description of the same property. If a petition in replevin for a stock of dry goods should give such description, including the building where located, as to convey knowledge of what property was sought, and the sheriff should make return of the same goods, but specifically stating how many

yards of each kind of cloth, and how many dozens of each kind of buttons and how many different kinds of thread, etc., there were in the stock, his particularity ought not to destroy an otherwise good petition, especially as it is ascertained by the judgment to be the goods described in the petition.

The objections in support of the appeal are quite technical and we think not of sufficient substance to justify reversal, and the judgment will be affirmed. All concur.