**MURRAY**

v.

**UNITED ZINC SMELTING CORP.**

No. 43411.

Supreme Court of Missouri.
Division No. 1.

Jan. 11, 1954.

———◆———

Ralph Baird, Joplin, for appellant.

Daniel J. Leary, Joplin, for respondent.

VAN OSDOL, Commissioner.

This is an appeal from an order overruling defendant-appellant's motion to set aside a default judgment for $24,660.

Plaintiff (respondent) instituted an action September 15, 1949 for $30,000 damages for personal injury. Summons was issued and defendant, United Zinc Smelting Corporation, a corporation of the State of New York, was regularly served with process. July 14, 1950, plaintiff filed an amended petition restating his claim. In both original and amended petitions, it was charged that defendant was negligent in failing to take precautions to protect plaintiff from the injurious effect of breathing silicon dioxide while he was an employee of defendant in its ore-processing mill. Defendant appeared by attorney and filed a

motion to dismiss plaintiff's original petition; and, August 12, 1950, the attorney filed motion to dismiss the amended petition on the ground that the petition failed to state a claim upon which relief could be granted. September 14, 1950, defendant's attorney, by leave of court, withdrew as counsel for defendant, and on September 28th the court overruled defendant's motion to dismiss, and defendant was given twenty days in which to further plead. On November 28, 1950, plaintiff introduced testimony tending to support his case, and the trial court found and rendered judgment for plaintiff as follows,

"Now at this day this cause comes on for hearing; the plaintiff appears by * * * his attorneys; and the defendant, although notified that this cause was set for trial on this day, appears not but makes default; and it appearing to the Court from the return of the Sheriff of Jasper County, Missouri to the writ of summons heretofore issued herein, that the defendant has been duly served with a copy of the summons and petition in this cause more than 30 days prior to this date; and it further appearing to the Court from the files and record in this cause that the defendant has heretofore appeared and filed pleadings in this cause, and later * * *, attorney for defendant, withdrew as such attorney; that the Clerk of this court thereupon notified the defendant of said withdrawal of its attorney and the setting of this cause for trial on this date; and said defendant now failing to further appear in this cause, the same was submitted to the Court for trial, a jury being waived.

"After hearing all the evidence adduced by the plaintiff, having duly considered the same; being now well and fully advised in the premises, the Court finds that the allegations contained in the plaintiff's petition are true; that the defendant is justly indebted to the plaintiff in the sum of $24,660.00 and

that the plaintiff is entitled to recover that amount of and from the defendant as his debt and damages herein.

"It is therefore ordered and adjudged by the Court that the plaintiff have and recover of and from the defendant the sum of $24,660.00 the amount of his debt and damages so found due by the Court as aforesaid, together with the costs of this cause, and that execution issue therefor."

June 25, 1952, defendant filed its motion to set aside the judgment in which motion it was stated that prior to June, 1950, defendant corporation was insolvent and, in July of that year, lost its sole remaining asset; that on August 22, 1950, prior to the entry of the judgment, defendant corporation was dissolved by the filing and publication of a certificate of dissolution in the State of New York (the transcript on appeal includes a certificate of the Secretary of State of the State of New York certifying the dissolution of defendant corporation on the stated date); that the trial court permitted the withdrawal of defendant's attorney when the motion to dismiss plaintiff's petition was pending; and that the withdrawal of the attorney, the overruling of the motion to dismiss, the introduction of the evidence supporting plaintiff's claim and the judgment rendered were without the knowledge of the liquidating trustees who are concerned with the statutory processes of dissolution and the entire situation first came to the attention of the trustees when an action was prematurely instituted in New York on the Missouri judgment of November 28, 1950, in which action issue was joined June 16, 1952 (the transcript on appeal includes an affidavit dated August 11, 1952, of the deputy circuit clerk of the Circuit Court of Jasper County, Missouri, stating that a letter advising of the withdrawal of defendant's counsel was mailed defendant on September 14, 1950; and that a notice of the entry of judgment on November 28th was mailed defendant on November 29, 1950). The motion further stated that the complaint filed in New York alleged the Missouri judgment was "for services rendered" —that this was incorrect; that the trustees, when the entire situation was called to their attention, caused an investigation which disclosed medical reports and other pertinent facts from which it appears defendant has a meritorious defense; that plaintiff in procuring the judgment introduced no medical testimony, and, if such medical testimony had been introduced, such evidence would have disclosed that plaintiff had contracted silicosis years prior to his employment by defendant; or, if plaintiff contracted silicosis as alleged, his claim was barred by applicable statute of limitations at the time of the institution of the action; that plaintiff's amended petition stating plaintiff's claim founded upon negligence was a departure from the original petition stating a claim for services rendered; that defendant has made diligent search but has been unable to locate the reporter's notes of the hearing resulting in the default judgment (in this case, this court's file includes a transcript of evidence certified by the official reporter of the Circuit Court of Jasper County as the testimony taken at the hearing of plaintiff's case, November 28, 1950—the testimony transcribed was that of plaintiff and of a physician, a specialist of the chest, and was substantial in tending to support plaintiff's case); and that "in the circumstances and premises hereinbefore set out, defendant feels that manifest injustice will result from these and other patent irregularities unless this Court shall enter its order setting aside said judgment, permitting answer to be filed by the defendant, and the cause heard on the merits." The motion was verified by affidavit of counsel for defendant-appellant "according to his best information and belief."

In reviewing the trial court's action in overruling defendant's motion to set aside the judgment, we have examined the cases cited by the parties, appellant and respondent, decided before the effective date, January 1, 1945, of the Civil Code of Missouri, enacted in 1943, and in which cases motions to set aside default judgments were timely filed and action thereon was taken

by the trial court prior to the end of the term at which the judgment was rendered. See Anspach v. Jansen, 229 Mo.App. 321, 78 S.W.2d 137; Karst v. Chicago Fraternal Life Ass'n, Mo.App., 22 S.W.2d 178. We have also examined the case of Stieferman v. Stieferman, Mo.App., 219 S.W.2d 864, cited by both appellant and respondent, decided after the effective date of the Civil Code of Missouri abolishing terms of court for procedural purposes, Wooten v. Friedberg, 355 Mo. 756, 198 S.W.2d 1, 5, and in which case the motion to set aside was no doubt filed and overruled within thirty days after the rendition of judgment. A trial court's ruling upon such a motion to set aside a default judgment (when timely filed and timely acted upon by a trial court) has been considered discretionary, the trial court's action, upon a showing by defendant of reasonable diligence or excuse and a meritorious defense, being subject to review on the question of abuse of discretion. While the rule of "sound discretion" as indicated in these cases has been said to apply generally to motions to open, set aside or vacate judgments, it is further written that in the exercise of its discretion the court is to be guided and must conform to fixed legal principles, particularly where the motion to set aside is made after the term of the rendition thereof. 31 Am. Jur., Judgments, § 717, pp. 267–268. And in each of the cases cited by the parties the judgment was still "in the breast of the court, so to speak". Compare Wooten v. Friedberg, supra; Jeffrey v. Kelly, Mo. App., 146 S.W.2d 850. In the instant case, as we have stated, the motion to set aside the judgment was filed June 25, 1952, nearly nineteen months after the rendition of judgment, November 28, 1950.

■ Under Section 511.250 RSMo 1949, V.A.M.S., a judgment may be set aside for irregularities upon motion made within three years after the term at which such judgment was rendered. In view of the provisions of Section 510.370 RSMo 1949, V.A.M.S. and 42 V.A.M.S. Supreme Court Rule 3.25, the word "term" must be taken to mean thirty days after the judg-

ment is rendered. Wooten v. Friedberg, supra; Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132. Such motion must be based upon an irregularity which is patent on the record, and not one depending upon proof of fact dehors the record; but if an error of fact is stated which may be demonstrated by extrinsic evidence, a motion may be also treated as one in the nature of a writ of error coram nobis. It is permissible to present both of the issues in the same motion. Craig v. Smith, 65 Mo. 536; State ex rel. Potter v. Riley, 219 Mo. 667, 118 S. W. 647; Harrison v. Slaton, Mo.Sup., 49 S.W.2d 31; Crabtree v. Aetna Life Ins. Co., 341 Mo. 1173, 111 S.W.2d 103; Badger Lumber Co. v. Goodrich, 353 Mo. 769, 184 S.W.2d 435; Casper v. Lee, supra. It seems apparent there is little room for discretionary action of a court when it is considering an irregularity on the face of the record. Casper v. Lee, supra; Wooten v. Friedberg, supra. In the Craig case the motion was considered as one based upon irregularities on the face of the record and as one in the nature of a writ of error coram nobis. In that case the trial court had overruled the motion. Said this court, "While this court will not interfere with the discretion of the trial court in refusing to vacate and set aside a judgment where there is a conflict of evidence, it will do so when the evidence is all on one side and it is clear that the discretion has been abused."

■ In Crabtree v. Aetna Life Ins. Co., supra, this court was discussing irregularities patent on the face of the record, as well as errors of fact to be reached by a motion in the nature of writ of error coram nobis. It was written particularly with reference to errors of fact that such error or errors of fact "must be such as would have prevented, if known, the rendition and entry of the judgment challenged, and are to be distinguished from ordinary judicial errors in a judgment reached in accord with established rules of procedure." [341 Mo. 1173, 111 S.W.2d 106.] And an irregularity in the sense as intended by the statute. Section 511.250, supra, may be

said to be a want of adherence to some prescribed rule or mode of procedure consisting either in omitting to do something that is necessary, or in doing it at an unreasonable time or in an improper manner. Wooten v. Friedberg, supra; Carr v. Carr, Mo.Sup., 253 S.W.2d 191.

Defendant-appellant reminds us that, at the time of the rendition of the judgment against it, defendant corporation, had been dissolved, and the last board of directors as trustees and legal representatives were not made parties. As we understand it, defendant urges it was imperative, and essential to the rendition of a valid judgment, that the trustees should have been substituted or added as parties defendant. Bruun v. Katz Drug Co., 351 Mo. 731, 173 S.W.2d 906; Nudelman v. Thimbles, Inc., 225 Mo.App. 553, 40 S.W.2d 475; Marstaller v. Mills, 143 N.Y. 398, 38 N.E. 370, are cited. Defendant also says the motion to dismiss plaintiff's petition "was heard (without notice) at a time when the nominal defendant had no existence of its own and had no attorney."

While it is readily inferable from the record that defendant had not been notified that its motion to dismiss had been set for hearing or would be heard on the date it was overruled, September 28, 1950, yet the judgment recites that defendant's counsel withdrew as defendant's attorney and thereupon the court notified defendant of the withdrawal and of the setting of the cause "on this date," that is, November 28th. There was no showing of the want of adherence to any circuit court rule, see Section 509.390 RSMo 1949, V.A.M.S., regarding notice of the hearing of motions. Nevertheless, a court should not arbitrarily act adversely without notice to a party or without affording a party an opportunity to be heard. But, it would seem that notice of the setting of the cause for trial on the stated date was such a notice as afforded defendant an opportunity to appear, to ask leave to refile, to call up and to be heard on the ground stated in the motion to dismiss, or to further defend if defendant so desired. In the situation, we are of the opinion that the failure to notify defendant of the time the motion to dismiss was to be heard was not such a procedural irregularity as to justify setting aside the judgment.

In examining the evidence, dehors the record, tending to support defendant's motion it is to be noted at the outset that the transcript on appeal does not show that verbal evidence was introduced tending to support the motion. The whole proof upon the issues consisted of the verified motion, the certificate of dissolution, and of the affidavit of deputy circuit clerk. The verification of the motion was, as stated, that "the foregoing motion is true according to his (affiant's) best information and belief." In so far as the transcript discloses, the verity of the statements of fact contained in the motion rested solely upon the information and belief of the affiant. Ignoring for the moment any question of the quantity and quality of the evidence tending to support the facts stated in the motion, and assuming the motion and proof were sufficient in stating and demonstrating defendant has a meritorious defense, yet the motion did not state the circumstances of inadvertence under which defendant's liquidating officers failed to become advised of the pendency and progress of plaintiff's action, the process upon which had long since been served upon defendant, and in which action defendant had appeared. The motion did not say, and the transcript on appeal does not disclose evidence of the reason defendant's counsel withdrew, and there was no showing that at that time defendant and its liquidating officers desired to further defend, or were further depending on counsel to further appear and defend. Counsel for defendant, so late as August 12, 1950, ten days before the date of dissolution of defendant-corporation, filed motion to dismiss plaintiff's amended petition, but, September 14, 1950, within a month after the dissolution, counsel withdrew as counsel for defendant. Defendant's motion states that prior to June, 1950, defendant corporation was insolvent and "on or about July, 1950, lost its sole re-

maining asset * * * through a foreclosure of a mortgage secured by a bond." It may be that, after its insolvency and dissolution, defendant believed plaintiff's action was a futile one. Or it may be defendant then believed, as defendant now contends, that it was procedurally essential to the rendition of the valid judgment that the liquidating trustees be made parties defendant upon defendant's dissolution. If such were defendant's belief, it was an erroneous one.

In Bruun v. Katz Drug Co., supra, this court was considering the (now repealed) Sections 5036 and 5094, R.S.1939, Mo. R.S. A. §§ 5036 and 5094. See also Nudelman v. Thimbles, Inc., supra. See now Laws of Missouri 1943, page 410, Section 351.010 et seq. RSMo 1949, V.A.M.S. In the Bruun case it was held that an action was not abated by the defendant corporation's dissolution, but that upon dissolution the officers, directors or managers of the corporation became trustees for the purposes set forth in the statutes, Sections 5036 and 5094, supra, and became proper and necessary parties. Having examined and decided the questions of the propriety and essentiality of the presence of the trustees as parties, the court, in the Bruun case, said [351 Mo. 731, 173 S.W.2d 910], "the party desiring the trustees' presence may take whatever steps he deems proper to secure their presence as defendants."

It is now provided that when "a corporation has been sued and served with process or has appeared while in being, and is thereafter dissolved or its charter forfeited, the action shall not be affected thereby and any judgment obtained shall have the effect of a judgment against the last board of directors, in a representative capacity, although the members of the board were not joined in the action." Section 507.100(4) RSMo 1949, V.A.M.S. It is to be observed that the provisions of Section 507.100(4) apply precisely to the situation in the instant case. Defendant corporation had been sued and served with process and had appeared while the corporation was in being and, during the pendency of the action, had been dissolved. Under the quoted Section the procedure of substituting or adding the trustees or legal representatives was unnecessary, in the instant case, and, it would seem, the trial court's knowledge, if so, of the circumstance of the dissolution, in view of the quoted Sections, would not have deterred or prevented the trial court's action in rendering judgment.

The order overruling the motion to set aside the judgment should be affirmed.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C. is adopted as the opinion of the court.

All of the Judges concur.