Wilma M. RUCKMAN, (Plaintiff) Respondent,

v.

Gerald R. RUCKMAN, (Defendant) Appellant.

No. 30451.

St. Louis Court of Appeals.

Missouri.

July 5, 1960.

Donald F. Flint, Clayton, for appellant.

Jackson F. Adams, Clayton, for respondent.

RUDDY, Judge.

This is an appeal from an order overruling appellant's motion to set aside and vacate a judgment.

On October 14, 1958, respondent (plaintiff) was awarded a decree of divorce and in said decree the court ordered appellant (defendant) to pay respondent the sum of $250 as and for attorney's fees.

On October 24, 1958, plaintiff filed a motion for a new trial wherein she asked the court "to grant her a rehearing and new trial on the issues of the allowance of alimony and attorney's fees." Contained in said motion are the following grounds:

"1. That the Court erred in failing to enter an order awarding her alimony after finding that she was the innocent and injured party.

"2. That in failing to enter an order awarding her alimony, the Court failed to take into account and apply the provisions of Section 452.070 V.A.M.S.

"3. That the award to plaintiff of $250.00 for attorney's fees was inadequate and failed to take into account the total amount of time and work required to be spent on the case by her attorney.

"4. That the order of the Court on such issues was against the law and the evidence."

The motion for new trial was argued and submitted to the court on November 21, 1958. Three days later, namely, November 24, 1958, the trial court set aside its judgment and decree of October 14, 1958, and entered a new judgment and decree. The memorandum of the court filed on said day reads as follows:

"Judgment and order of Oct. 14th 1958 hereby set aside and a new judgment entered in place and stead thereof as follows: 'Divorce to plaintiff; defendant ordered to pay plaintiff $250.00 attorney fees and $2000.00 alimony in gross; costs against defendant.'
"R. E. LaDriere, J."

On December 4, 1958, defendant filed his notice of appeal to this court. This appeal was dismissed by this court on July 2, 1959, for failure of appellant to perfect his appeal and to comply with the rules. On the 26th day of June, 1959, the defendant filed his motion to set aside and vacate the judgment and order entered by the trial court on the 24th day of November, 1958. He stated as his grounds for the relief sought, the following:

"1. The purported judgment and order of November 24, 1958 was entered more than thirty (30) days after the entry of original judgment herein on October 14, 1958.

"2. By reason of the limitations of Supreme Court Rule 3.25 this Court was without jurisdiction and authority to enter said purported judgment and order of November 24, 1958.

"3. The purported judgment and order of November 24, 1958 is irregular and void upon its face and upon the face of the record.

"4. This motion is filed within three (3) years after the term at which such purported judgment was rendered."

This motion was argued and submitted to the court on the 17th day of July, 1959, and thereafter, on the 10th day of August, 1959, the court overruled said motion and defendant appealed.

Defendant's motion to set aside and vacate the judgment and order of November 24, 1958, was filed pursuant to the provisions of § 511.250 RSMo 1949, 32 V.A.M.S. This statutory provision authorizes the trial court to set aside a judgment for an irregularity patent on the face of the record on motion made within three years from thirty days after judgment is rendered. Murray v. United Zinc Smelting Corp., Mo., 263 S.W.2d 351. An irregularity within the meaning of this statute has been defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it at an unseasonable time or in an improper manner. Murray v. United Zinc Smelting Corp., supra; Casper v. Lee, 362 Mo. 927, 245 S. W.2d 132; Tureck v. Tureck, Mo.App., 207 S.W.2d 780.

It is the contention of defendant that the trial court was without authority, on its own initiative, to vacate, set aside or amend the original judgment of October 14, 1958, at any date subsequent to thirty days after the date of entry of the original judgment.

Defendant admits that the limitation upon a trial court's control over judgments previously entered varies and is dependent upon whether the court's action is on its own initiative or upon motion of a party. Section 510.370 RSMo 1949, 32 V.A.M.S., and Supreme Court Rule 3.25, 42 V.A.M.S.,[1] permit the trial court to make certain orders on its own initiative, if made not later than thirty days after entry of judgment. However, such orders cannot be made more than thirty days after entry of judgment. Loveless v. Locke Distributing Co., Mo., 313 S.W.2d 24.

Defendant further contends that plaintiff's motion for new trial merely requested a new trial and nothing more and that the motion for new trial did not request the entry of a new judgment or the amendment of the judgment entered on October 14, 1958. In addition, defendant contends that the order and judgment entered November 24, 1958, made no mention of the motion for new trial or that it was in response to plaintiff's motion for new trial. Because of the aforesaid defendant arrives at the conclusion that the trial court took its action on November 24, 1958, on its own initiative. The conclusion reached by defendant does not necessarily follow the facts on which it is based.

■ Defendant in arriving at this conclusion overlooks several well-established rules that are applicable to the action and judgments of trial courts. The first of these rules is that, " 'In the absence of proof to the contrary, there is always a presumption of jurisdiction and right action by a court of general jurisdiction.' State ex rel. Nickerson v. Rose, 351 Mo. 1198, 175 S.W. 2d 768, 771." Gomez v. Gomez, En Banc, Mo., 336 S.W.2d 656.

■ In the Gomez case, supra, the court applied another rule which relates to the presumption that a judgment is valid. The court said:

"Where the judgment is within the jurisdiction of the court rendering same it is presumed to be valid. Brand v. Brand, Mo.Sup., 243 S.W.2d 981. In Lewis, v. Lewis, 238 Mo.App. 173, 176 S.W.2d 556, 561, it is said that 'The presumption of validity which surrounds the judgment of divorce in this case includes the presumption of the existence of every essential fact which must have existed in order for the court to have rendered a valid decree.' * * * 'On the other hand there is a presumption in favor of the validity of a divorce decree and of the jurisdiction of the divorce court after the decree has been entered.' 17 Am.Jur., Divorce and Separation, § 390, p. 528."

■ We think that the trial court's action of November 24, 1958, can be found to be responsive to plaintiff's motion for a new trial. The record shows that plaintiff in her motion for a new trial complains of two things: (1) the trial court's failure in its judgment and decree of October 14, 1958, to allow her alimony and (2) the inadequacy of the allowance for attorney's fees. The trial court in its new judgment did not increase the allowance made for attorney's fees but it did respond to plaintiff's motion for new trial and ordered defendant to pay alimony. Everything plaintiff asked for in her motion for new trial was granted, except for the requested increase in attorney's fees. Applying the rules of presumption in favor of validity of the trial court's judgment and decree and the presumption of right action and the existence of every essential fact necessary for the court to enter a valid decree, we must hold that the court knew that its judgment was not entered within the thirty-day period during which it had control over the judgment and decree of October 14, 1958, and, therefore, it never intended the new judgment to be of the court's own

1. Now Civil Rule 75.01, V.A.M.R.

initiative. Sec. 510.370 and Supreme Court Rule 3.25, supra.

Again applying the aforesaid presumptions, it is reasonable to presume that the trial court was familiar with and relied on the authority of § 510.330 RSMo 1949, 32 V.A.M.S., which, in part, provides as follows: "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend the findings of fact or make new findings, and direct the entry of a new judgment."

■ Defendant recognizes the applicability of § 510.330, supra, for he states in his brief that this section would be applicable if it is concluded that the action of the court was responsive to the motion for new trial. However, defendant construes this section to mean that should the court believe the motion for new trial properly lies, the court then may open the judgment and must take additional testimony, must amend its findings of fact or make new findings and thereafter may direct the entry of a new judgment. In effect, he holds that this statute indicates that in fact a new trial is a prerequisite to the entry of a new judgment.

We said in Scales v. Scales, 65 Mo.App. 292, that it was competent for the trial court to modify its decree so as to award alimony to the wife, since she was the innocent and injured party and had obtained a divorce. There is nothing in this record, nor is there anything offered by defendant, to show that the trial court did not have sufficient evidence on which to base an allowance for alimony. There is no need for a new trial when the court has the entire case in its breast and upon discovering its error of law, only sought to give a new judgment and to correct its erroneous judgment previously entered. Modern Woodmen of America v. Angle, 127 Mo.App. 94, loc.cit. 107, 104 S.W. 297.

In the case of Mayfield v. Stoops, Mo. App., 262 S.W.2d 299, loc.cit. 302, the court in commenting on Sec. 510.330, supra, and Supreme Court Rule 3.25, supra, said: "It will be seen that under our new practice, the trial court, in the case at bar, had the right to grant a new trial because of the insufficiency of the evidence and then, to avoid the expense of another trial, had the right to enter judgment for defendant." Similarly, in the case of Strohm v. Boden, 359 Mo. 573, 222 S.W.2d 772, loc.cit. 775, wherein the trial court overruled plaintiff's motion for a new trial and then set aside the original judgment and entered a new judgment, defendant contended that the new judgment and decree could not stand because defendant was entitled to a new trial. The Supreme Court in disposing of this contention said:

"The contention takes too narrow a view of the spirit, if not the letter, of our new civil code. * * *. and our rules, * * * implementing said code, and the procedure and practice applicable to a suit in equity."

After pointing to the provisions of § 510.330 and Supreme Court Rule 3.27, 42 V.A.M.S.[2], the court then said in overruling defendant's contention (222 S.W.2d loc.cit. 775):

"Our new civil code and rules are designed to cover civil actions and suits, whether at law or equity, and to secure 'just, speedy, and inexpensive' determination of controversies upon their merits."

We admit that the order of the trial court setting aside the original judgment and entering a new judgment is ineptly drafted. Nevertheless, when we apply the presumptions of validity and right action to the trial court's order we are directed to the conclusion that the trial court had the authority to make this order by virtue of the provisions of § 510.330 and was familiar with its authority. We should apply the provi-

2. Now Civil Rule 79.04, V.A.M.R.

sion of this statute even though the trial court failed to use language indicating reliance on this statutory provision. It is evident that nothing contrary to this appears in the court's order.

Further, it was unnecessary for the court to take additional testimony. As we said heretofore, there is no need for a new or additional trial when the court has the entire case in its breast. Nothing to the contrary appears in the record, nor has anything been offered to the contrary by the defendant. When the grounds contained in plaintiff's motion for new trial are considered, coupled with the fact that said motion for new trial was argued and submitted just three days before the court's order and judgment of November 24, 1958, it becomes evident that the order and judgment was responsive to the motion for new trial and within the contemplation of the authority prescribed by § 510.330, supra.

■ Defendant next contends that this statutory authority (§ 510.330) is limited to a vacation of the original judgment only upon "some legal ground" as distinguished from a purely factual ground causing the court to reconsider its prior judgment, citing the case of Willis v. Willis, Mo.App., 274 S.W.2d 621, 623. In the Willis case the trial court granted a divorce to the husband on March 16, 1954. On March 22, 1954, the wife filed her "Motion to Set Aside Divorce Decree" on the ground that at the time of the commission of the acts complained of in her husband's petition she was not accountable for them because of her mental condition. The court set said case down for further hearing on the question of defendant's insanity and after a hearing on March 26, 1954, "on the court's own motion" the decree of March 16th was set aside and "upon further consideration of the cause and the evidence adduced" it was further ordered that plaintiff's petition be dismissed. The Springfield Court of Appeals observed that it entertained grave doubt as to the authority of a trial court to set aside a judgment theretofore validly entered and upon the same evidence and without retrial render a new judgment for the opposite party. In the course of its opinion it pointed out that "it has long been recognized that a judgment validly rendered following a trial upon the issues cannot be vacated except upon 'some legal ground.'" 274 S.W.2d loc.cit. 624, 625.

We think that in the instant case plaintiff's motion for a new trial invoked a legal ground for a reconsideration of the prior judgment entered by the court. While it is true that the ordering of alimony is not mandatory, Smith v. Smith, 350 Mo. 104, 164 S.W.2d 921; Baker v. Baker, Mo.App., 274 S.W.2d 322; Stokes v. Stokes, Mo.App., 222 S.W.2d 108, and that the granting of alimony, as well as the amount, if granted, is in the sound discretion of the court upon the facts in the case, Stokes v. Stokes, supra, alimony, if allowed, must be fixed at the time the divorce is granted, Smith v. Smith, supra; Baker v. Baker, supra; Stokes v. Stokes, supra. Therefore, if the trial court in the instant case felt that it should have fixed alimony in some amount at the time the divorce was granted and failed to do so, it had a sufficient "legal ground" to reconsider its prior judgment when this failure to allow alimony was brought to its attention through plaintiff's motion for a new trial.

■ In another point defendant complains that the court's new order and judgment was without notice to him, citing in support of his claim to the right to notice and hearing the case of Albert J. Hoppe, Inc. v. St. Louis Public Service Co., Mo., 235 S.W.2d 347, 348. In the Hoppe case plaintiff filed a paper, which it denominated a "motion for new trial," fourteen days after the verdict of the jury was entered for defendant. Obviously, the motion for new trial was ineffective having been filed out of time. The trial court "of its own motion ordered plaintiff's motion for new trial stricken from the record * * * and granted plaintiff a new trial * * *."

This order of the trial court entered on its own initiative was made 29 days after the judgment was entered without any notice to any of the parties and without any hearing. The Supreme Court, En Banc, held the trial court could not make such order without reasonable notice to the parties to the action, and without giving them an opportunity to be heard as to the propriety of such order.

In the case under review defendant had notice of the filing of plaintiff's motion for new trial and participated in the argument on said motion when it was submitted to the trial court on November 21, 1958. In his argument he opposed the granting of the relief sought in plaintiff's motion for new trial and had an opportunity to be heard as to why plaintiff should not be allowed alimony and an increase in the allowance of attorney's fees. The facts in the instant case are not analogous to those of the Hoppe case. This point is ruled against defendant.

Finally, defendant contends the trial court erred in failing to specify of record the ground or grounds upon which the "new trial" was granted, citing Drake v. Hicks, Mo., 261 S.W.2d 45, as authority for the duty of the court to specify its reasons when a new trial is granted. This case holds that the failure to do so casts the burden on appeal of supporting the ruling on the respondent beneficiary of that action.

Again, it is necessary to point out that the facts in the instant case are not analogous to those of the Drake case. While, in effect, the court granted the principal relief sought by plaintiff in her motion for new trial, it did not order a new trial, but, instead, entered a new judgment responsive to the relief sought in the motion for new trial. Under the circumstances there was no need to specify the grounds supporting the trial court's order.

Finding no error in the trial court's judgment, it should be affirmed. It is so ordered.

ANDERSON, Acting P. J., and SAM C. BLAIR, Special Judge, concur.

WOLFE, P. J., not participating.