**Julia ROBB et al., Respondents,**

v.

**William Murle CASTEEL et al., Appellants.**

No. 23143.

Kansas City Court of Appeals. Missouri.

Oct. 3, 1960.

R. M. Gifford, Green City, for appellants.

V. C. Rose, Rose & Brown, Trenton, for respondents.

HUNTER, Presiding Judge.

Appellants have appealed from the action of the trial court in overruling their motion to vacate and set aside a judgment of the circuit court in favor of respondents for $6,000.

On February 28, 1959, Hiram Marion Casteel, a resident of Putnam County, Mo., died intestate, leaving an estate of real and personal property worth approximately $17,500. Deceased had never married and his survivors consisted of numerous collateral heirs. In due course, Murle E. Husted was appointed administrator of the estate.

In July, 1959, Cecil Robb and his wife, Julia Robb, the latter being a niece of decedent, filed separate claims in the Probate Court of Putnam County, Missouri, in the respective amounts of $4,680 and $7,708, alleging the performance of requested services in the care of deceased, his farm and livestock. These claims were transferred to the circuit court of Putnam County in accordance with Section 473.420 RSMo 1949, V.A.M.S., and there consolidated for trial.

After an investigation of the claims by the administrator and his counsel negotiations for settlement occurred between them and the claimants and their counsel. Eventually, the administrator and claimants agreed to compromise and settle both claims for $6,000. They notified the court of their compromise and were advised it would not be necessary to support it with additional evidence when the court took up the claims.

On November 2, 1959, the claims were called for trial. The parties and their counsel appeared and advised the court that after a full and complete investigation of the facts upon which the claims were based they had compromised and settled them in the sum of $3,500 for Cecil Robb and $2,500 for Julia Robb; that the administrator admitted liability of the estate therefor in the total sum of $6,000; and requested judgment accordingly. On that same day judgment was rendered in accordance with their request.

On November 18, 1959, appellants, who are four of the more than twenty collateral heirs, filed a joint "Motion to Vacate and Set Aside Judgment", asking therein the circuit court "of its own motion to set aside judgment and grant to these applicants the right and opportunity to appear of record and to defend the claims * * * said parties are interested persons * * * are aggrieved by the judgment * * * and each of them had no knowledge or information of the pendency of this proceeding * * * that the claimants offered no evidence, the Administrator no defense, * * * that it appears from the face of the record * * * that the settlement agreed upon between the parties of record was prejudicial to the best interests of the heirs at law, was improper and excessive."

On November 28, 1959, an extensive hearing was held on the Motion to Vacate and Set Aside the Judgment. On that same day the motion was overruled and judgment entered accordingly. Notice of appeal was filed on December 4, 1959.

At the outset we are faced with respondents' motion that the appeal should be dismissed because it is not timely and because appellants have failed to comply with Su-

preme Court Rules 1.08 and 1.15 [1] in preparing their briefs.

■ Respondents apparently interpret appellants' appeal as being from the judgment rendered on November 2, 1959, and the motion filed on November 18, 1959, as being one for a new trial. If this were so, appellants' motion not being filed within ten days of the November 2, 1959 judgment was not timely under Section 510.340 RSMo 1949, V.A.M.S., which then governed. For the purpose of ascertaining the time in which an appeal must be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, except when a timely motion for new trial is filed. Supreme Court Rule 3.24.[2] The statutory provision that a motion for new trial must be filed not later than ten days after entry of judgment is mandatory, and an untimely motion for new trial will not operate to forestall the finality of a judgment. See Fagan v. Hamilton Bank, Mo., 327 S.W.2d 201. The notice of appeal filed on December 4, 1959, not being filed within ten days after the November 2, 1959 judgment became final likewise would be untimely. Section 512.-060 RSMo 1949, V.A.M.S. The timely filing of a notice of appeal is the vital step for perfecting an appeal without which we would not have appellate jurisdiction.

However, the notice of appeal states it is from the judgment of the court entered on the 28th day of November, 1959, in the overruling of the motion to set aside and vacate the November 2, 1959 judgment.

■ While we have received no enlightenment on the subject from appellants' brief, we are willing to treat appellants' motion to vacate the judgment as one made under Section 511.250 RSMo 1949, V.A.M.S., which provides that judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term

at which such judgment was rendered. By favoring appellants with that treatment, the appeal is timely, for an appeal lies from an order or judgment overruling a motion filed under Section 511.250 RSMo 1949, V.A.M.S., to vacate the judgment, and the notice of appeal was filed within ten days thereof. See Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, 135; Dillbeck v. Johnson, 344 Mo. 845, 129 S.W.2d 885, 886; In re Jackson's Will, Mo.App., 291 S.W.2d 214, 220.

■ Appellants have failed to comply fully with Supreme Court Rules 1.08 and 1.15 but not to the extent that requires dismissal of the appeal, and respondents' motion to dismiss it is overruled.

On this appeal appellants' sole contention is that the trial court in the exercise of its discretion should have sustained the motion to set aside the November 2, 1959 judgment because (1) it was based on the administrator's admission of liability and by agreement of parties, absent any testimony, was contrary to the best interests of the heirs at law; (2) who are interested parties who should be allowed to appear and defend; (3) particularly where the heirs show a probability of the impropriety of the allowance.

Section 473.427 RSMo 1949, V.A.M.S., provides that when a claim against the estate has been filed or suit thereon is pending, the creditor and executor or administrator, if it appears for the best interests of the estate, may compromise the claim, which compromise should have the prior authorization or subsequent approval of the court. See, also, Boatmen's Nat. Bank of St. Louis v. Bolles, 356 Mo. 489, 202 S.W.2d 53; State ex rel. Bovard v. Weill, 353 Mo. 337, 182 S.W.2d 521, 523(4), 155 A.L.R. 191. As appellants concede there was no requirement that the administrator notify the heirs of claims made, or of compromises reached. Even so, the administrator had advised several of the collateral heirs, who had writ-

---

1. Civil Rules 83.05, 83.09, V.A.M.R.

2. Civil Rule 82.05, V.A.M.R.

ten inquiring about the estate, of the claims. He also advised several of the heirs, who were local residents, of the claims. He did not advise the four appellants of them and there is no suggestion they inquired of him about the estate at any time.

While appellants view the matter differently, it is abundantly clear from the evidence submitted at the hearing on the motion to dismiss that the administrator, a business man who had considerable experience in evaluating claims of this type perforce of his having served several terms as public administrator of Putnam County, had very carefully investigated these claims. In doing so he had the advice and assistance of his attorney who, while believing that a $6,000 settlement was high, at the same time recognized much more might be obtained by claimants if the claims went to trial. He deferred to the judgment of the administrator and, in effect, directed him to proceed and act on his own judgment.

Our review of the evidence does not show any probability of impropriety of the allowance, or that the compromise reached was not to the best interests of the estate and heirs, as appellants contend. Rather, we are convinced the best interests of the estate were well represented by the administrator and his counsel. Additionally, the circuit court properly could enter judgment based upon the compromise agreement stipulated by the parties. See Allen v. Fewel, 337 Mo. 955, 87 S.W.2d 142, 146(10).

However, we are faced with a fundamental and overriding reason why appellants may not succeed on this appeal, and it is upon that ground that we rule this appeal. A motion to set aside a judgment for irregularity under Section 511.250 RSMo 1949, V.A.M.S., is not effective to review or to correct claimed judicial errors committed in the rendition of a judgment such as appellants seek to present here. The motion does not reach ordinary judicial errors in a judgment rendered in accordance with established rules of procedure. The trial court had jurisdiction of the parties and the subject matter and did not omit to do anything that was necessary for the due and orderly conducting of the suit and the resultant judgment. Nor did the court do anything in an unseasonable time or in an improper manner. Appellants' complaints are not within the purview or scope of the statutory motion to set aside the judgment and, hence, are not before us on this appeal. See Casper v. Lee, supra; Murray v. United Zinc Smelting Corp., Mo., 263 S.W.2d 351, 354(4); Harrison v. Slaton, Mo., 49 S.W.2d 31(12).

The judgment of the circuit court is affirmed.

All concur.