**Marguerite KORN, Plaintiff-Respondent,**

**v.**

**Earl RAY, etc., et al., Defendants,**

**Model Beautician's Supply Company, Inc., Defendant-Appellant.**

**No. 32993.**

St. Louis Court of Appeals.

Missouri.

Nov. 19, 1968.

**800**

———◆———

J. Raymond Dyer, Harry J. Stadin, St. Louis, for defendant-appellant.

Stemmler & Stemmler, St. Louis, for plaintiff-respondent.

WILLIAM H. BILLINGS, Special Judge.

Defendant Model Beautician's Supply Company, Inc., appellant and called Model herein, has appealed from the action of the trial court overruling its motion to vacate and set aside a default judgment entered against Model and a co-defendant in a claim for damages. The judgment was entered February 1, 1967, and no motion for new trial or appeal was filed or taken by either of the defendants. On April 17, 1967, seventy-five days after judgment, Model filed its motion to vacate and set aside the judgment. Following the overruling of the motion on June 6, 1967, Model filed a "motion for new trial" which was overruled on June 29, 1967. This appeal followed.

In this court Model contends that because of irregularities *patent on the face of the record* the trial court had the required jurisdiction to set aside and vacate the February 1 judgment under Civil Rule 74.32, V.A.M.R., and § 511.250, RSMo 1959, V.A.M.S., and erred in failing to grant Model the requested relief. Further, that because of these irregularities Civil Rules 73.01(c) and 75.01, V.A.M.R., stand as no bar to setting aside the judgment.[1] Civil Rule 74.32, supra, is as follows:

> "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof."

This Rule follows § 511.250, supra, but substitutes "after the rendition thereof" for the statutory language "after the term at which such judgment was rendered".

Model's claims of patent irregularities are as follows: first, plaintiff's petition was in three counts and the judgment is silent as to which count was the basis for the judgment; second, plaintiff prayed for "damages" and not for judgment in one of the counts; third, there was no service of a valid summons on Model; and fourth, the record did not show compliance with Rule 14A of the Circuit Court that provides the clerk of that court notify the defendant, or defendant's attorney of record, by mail of the trial date at least five days prior thereto.

In view of the foregoing contentions a chronological summary of the events and proceedings prior to judgment is in order. On June 30, 1966, plaintiff went to Ray's Beauty Shop for her yearly "permanent" and "rinse" to her hair. Following certain preliminary steps familiar to the fairer

---

1. Civil Rule 73.01(c), supra: *"Motion to Amend Judgment.* Upon motion of a party made not later than 15 days after entry of judgment the court may amend the judgment and opinion. The motion may be made with a motion for a new trial."

Civil Rule 75.01, supra: *"Judgments, Control by Trial Court.* The trial court retains control over judgments during the 30 day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time. * * * ."

sex a new rinse called "Snow Silver for Bleached Hair" was applied to plaintiff's hair. This rinse was manufactured by Cosmair, Inc., and distributed by Model. After plaintiff's hair was dried brushing commenced with the discovery that portions of plaintiff's hair had been reduced in length to one-half inch. Plaintiff's petition sets forth what might by aptly described as the long and short of her situation thusly: "plaintiff's hair broke off, splintered, fractured, frayed and fell out —and necessitating that plaintiff get a wig".

July 26, 1966, plaintiff's attorneys sent Model a letter by certified mail and the requested return receipt was signed by "Lester Inger, Registered Agent". This letter advised of plaintiff's claim arising from the application of the rinse, requested Model or its insurance carrier to contact plaintiff's attorneys, demanded the return of the unused portion of the rinse together with a lock of plaintiff's hair, and requested the results of certain tests. Under date of July 29 Model advised plaintiff's attorneys that the matter should be taken up with Cosmair and added that Cosmair's legal department "will no doubt then get in touch with you".

Plaintiff's petition was filed December 1, 1966, in three counts. Count I was directed against Earl Ray, d/b/a Ray's Beauty Shop for negligence. Count II, in the alternative, was against Ray, Model and Cosmair and stated a products liability claim. In the alternative, Count III named all three defendants and alleged improper labeling of the rinse and failure to test it before application to plaintiff. Summons was issued and directed to Model on December 2, 1966, and the sheriff's return recites service on December 9, 1966, on "Lester Inger, Registered Agent, of the within named Corporation, Model Beautician's Supply Co., Inc."

No pleadings were filed by any of the defendants and on January 11, 1967, the court entered the following order:

"Default and Inquiry granted as to defendants Model Beauticians Supply Co., Inc. and Earl Ray d/b/a etc. Upon oral application of plaintiff, cause set for trial Feb. 1, 1967 at 9:30 A.M."

On February 1, 1967, the record shows the plaintiff filed a memorandum dismissing without prejudice her cause of action as to defendant Cosmair, Inc.; further, that there were no appearances for defendants Model and Ray. The plaintiff presented her evidence to the court, without a jury, and the following judgment was entered of record, to-wit:

"WHEREFORE, it is ordered and adjudged by the Court that said plaintiff, Marguerite Korn, have and recover of said defendants the sum of Two Thousand Five Hundred ($2,500.00) Dollars, together with interest thereon from this date at the rate of six per centum per annum and also the costs herein incurred."

On April 17, 1967, counsel entered appearance as attorney for Model and on the same date filed Model's motion to set aside and vacate the judgment. Plaintiff on April 20th countered with a motion to strike Model's motion contending the trial court was without power, authority or jurisdiction to set aside and vacate the judgment. Additional counsel for Model entered his appearance as attorney on April 21. On June 6, 1967, the court entered its order overruling Model's motion. This action of the court was followed by the filing on June 20th "Defendant Model's Motion for A New Trial (Rehearing)" which was overruled on June 29, 1967.

Before considering the specific assignments of irregularities of Model we deem it pertinent to first examine the *type* of irregularity which may be reached under Civil Rule 74.32, supra, and § 511.250, supra, by way of a motion to set aside and vacate an otherwise final judgment. The irregularity must be *patent on*

*the record,* and not one depending on proof dehors the record. Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132. We recognize that the latter type of irregularity can be shown by way of a motion in the nature of a writ of error coram nobis. Casper v. Lee, supra; Rubbelke v. Aebli, Mo., 340 S.W.2d 747. And we are aware that in certain circumstances a motion to vacate a judgment may operate as a substitute for a writ of error coram nobis if the facts and circumstances justify it. Rubbelke v. Aebli, supra. However, since Model has expressly limited its appeal to irregularities patent on the face of the record and relies solely upon Civil Rule 74.32, supra, and § 511.250, supra, for relief from the February judgment, we will likewise limit our opinion accordingly.

■ The irregularity must be such as to be a want of adherence to some prescribed rule or mode of proceeding and consists either in omitting to do something that is necessary for the due and orderly conduct of a suit or doing it at an unreasonable time or in an improper manner. Ruckman v. Ruckman, Mo.App., 337 S.W.2d 100; Murray v. United Zinc Smelting Corp., Mo., 263 S.W.2d 351; Robb v. Casteel, Mo.App., 340 S.W.2d 180; Casper v. Lee, supra. However, where the proceedings are regular, however erroneous, the power of the trial court to interfere ceases thirty days after the judgment was rendered absent a timely after judgment motion. As noted in Robb v. Casteel, supra (l.c. 184):

"* * * A motion to set aside a judgment for irregularity under Section 511.-250 RSMo 1949, V.A.M.S., is not ef-

fective to review or to correct claimed judicial errors committed in the rendition of a judgment * * *. The motion does not reach ordinary judicial errors in a judgment rendered in accordance with established rules of procedure. * * *"

This rule of law is applicable to judgments by default. Jeffrey v. Kelly, Mo.App., 146 S.W.2d 850; Buchholz v. Manzella, Mo. App., 158 S.W.2d 200. Thus, where a defendant was personally served but failed to appear in reliance upon the promise of another to defend, the statute had no application. Bruner v. Ingersoll-Rand Drill Co., Mo.App., 233 S.W. 256. In Edson v. Fahy, Mo., 330 S.W.2d 854, the court again pointed out that a motion such as Model's cannot be used to test the sufficiency of the evidence or to review trial errors. And Rubbelke v. Aebli, supra, restates the proposition that a motion such as now before us cannot be employed as a substitute for an appeal. With the foregoing principles before us, we turn now to Model's assignments of irregularities.

■ The record confirms Model's statement that plaintiff's petition was in three counts and that the judgment failed to specify which count was the basis for the judgment against Model and its co-defendant. We do not agree with Model's assertion that this demonstrates "a want of adherence to the prescribed mode of procedure, and consisted of omitting to do something necessary for the due and orderly conduct of the suit herein. The judgment herein should have conformed to the pleadings". The cases cited by Model[2]

2. Chenoweth v. LaMaster, Mo.App., 342 S.W.2d 500, holds a final judgment entered against a garnishee was "void or irregular" because there had not been a determination of any amount due from the garnishee to the judgment debtor and no order that the garnishee pay to the sheriff or into court the amount of money owing by the garnishee to the judgment debtor, or give bond. "* * * these necessary preliminaries to a final and general judgment were skipped over and

ignored. Hence the irregularity is patent".
Berry v. Chitwood, Mo., 362 S.W.2d 515, 3 A.L.R.3d 1185, is authority that a void judgment is not an irregularity within meaning of Civil Rule 74.32, V.A.M.R.; that this rule does not preclude a proper proceeding to declare a judgment void after the three-year period; that a void judgment may not be used as a basis for application of doctrine of res judicata; that parties may admit the existence or

do not support this contention although they do recognize and follow the applicable principles governing a motion under the rule and statute.

Here plaintiff had a single cause of action which she pleaded against Model and its co-defendant in Counts II and III. This court ruled in American Displays v. E. T. Swiney Motors, Mo.App., 240 S.W.2d 732, that when a plaintiff has but a single cause of action which may be stated in different ways so as to meet different phases of the evidence as the same may possibly develop at the trial, the plaintiff may state such cause of action in different counts, and cannot be compelled to elect upon which count he will proceed. This contention of Model likewise ignores Civil Rule 55.12, V.A.M.R., and § 509.110, RSMo 1959,

V.A.M.S., which authorize and permit alternative pleading of a claim. Model's complaint also overlooks the presumption of regularity and validity attaching to the trial court's judgment. In Ruckman v. Ruckman, supra, Judge Ruddy of this court quoted it as follows:

" 'In the absence of proof to the contrary, there is always a presumption of jurisdiction and right action by a court of general jurisdiction.' "

Judge Ruddy's opinion in Ruckman quotes Lewis v. Lewis, 238 Mo.App. 173, 176 S.W.2d 556:

" 'The presumption of validity * * * includes the presumption of the existence of every essential fact which must have

waive formal proof of a fact essential to vest the court with authority to exercise *existing* jurisdiction of the subject matter.

Robb v. Casteel, Mo.App., 340 S.W.2d 180, denied collateral heirs' motion to vacate judgment entered as result of compromise between claimants and executor of estate ruling such a motion is not effective to review or to correct judicial errors.

Murray v. United Zinc Smelting Corp., Mo., 263 S.W.2d 351. Defendant filed motion to dismiss and thereafter defendant's attorney, with leave of court, withdrew. Court notified defendant of attorney's withdrawal and trial date. Plaintiff took judgment by default. Failure of trial court to notify defendant of hearing date for motion to dismiss was not an irregularity justifying motion under § 511.250, RSMo 1959, V.A.M.S.

Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132. Failure to join trustee as a party defendant was not an irregularity justifying the setting aside of a default judgment which, inter alia, set aside foreclosure sale and trustee's deed; failure to place case on trial docket and entering final judgment without first entering interlocutory judgment of default not irregularities; court's recital of finding issues in favor of plaintiff on two inconsistent counts not an irregularity since only one judgment in favor of plaintiff and against defendant.

State ex rel. Caplow v. Kirkwood, Mo. App., 117 S.W.2d 652, was a prohibition proceeding in this court. There was no

contention that the proceedings were in any way irregular, but only that the decree awarding a permanent injunction was erroneous.

State ex rel. Erbs v. Oliver, Mo., 237 S. W.2d 128.

The issue before the court was whether two mechanic lien suits at law could be ordered consolidated with a previously filed equitable mechanic's lien suit. In ruling in the affirmative the court held that a judgment entered in the equitable proceeding had properly been set aside since it was a personal judgment in favor of all of the separate lien claimants jointly against all defendants, including trustees and mortgagees, without ordering a lien on any property and the judgment was coram non judice and void; and was subject to being set aside on motion of any interested party under § 511.250, RS Mo 1959, V.A.M.S. (Quaere)

Ruckman v. Ruckman, Mo.App., 337 S.W. 2d 100, ruled there was no irregularity justifying motion under § 511.250, supra, where in response to timely motion for new trial the court, more than 30 days after original judgment, set aside the original judgment and entered a new judgment.

Rubbelke v. Aebli, Mo., 340 S.W.2d 747, is authority for the proposition that even a defaulting party is entitled to notice of substantial and material amendments by interlineation in furtherance of justice and pursuant to Civil Rule 43.01(a), V.A.M.R.

existed in order for the court to have rendered a valid decree.' "

Default was entered against Model and co-defendant Ray on January 11, 1967, pursuant to Civil Rule 74.045, V.A.M.R.,[3] more than 30 days after service of summons and a copy of plaintiff's petition on Model's registered agent. The interlocutory judgment having been rendered against Model and its co-defendant, the only remaining matter was the assessment of plaintiff's damages. Civil Rule 74.10, V.A.M.R., and § 511.150, RSMo 1959, V.A.M.S. This the trial court did on February 1, 1967, after hearing plaintiff's evidence. Plaintiff had only one cause of action and the court entered one judgment against both defendants and assessed damages against both defendants. Civil Rule 73.01(b), V.A.M.R., which governs trial by the court without a jury, states: "All fact issues upon which no specific findings are made shall be deemed found in accordance with the result reached."

In Casper v. Lee, supra, in ruling adversely to a similar contention of Model the court stated (l.c. 141):

"Respondent argues that the judgment is inconsistent and contradictory upon its face because, in the recitals, the court finds the issues in favor of the plaintiff on both counts of the petition. * * * It is obvious that the two counts presented different issues as to the amount of indebtedness owing and the court could not properly find for appellant upon both counts on this issue. The decretal part of the judgment specifically adjudges that appellant is indebted to respondent in the principal amount of $1,000. In 49 C.J.S. Judgments § 71, p. 189, the rule is stated: 'Mere recitals are not indispensable parts of judgments. The judgment or decree does not reside in its recitals, but in the mandatory or decretal portion thereof, which adjudicates and determines the issues in the case and defines and settles the rights and interests of the parties as far as they relate to the subject matter of the controversy. * * ' It has also been held that if there is an inconsistency between the recitals and the decretal part of a judgment, an express adjudication controls mere recitals. 49 C.J.S. Judgments § 437, p. 869, 870; Lackender v. Morrison, 231 Iowa 899, 2 N.W.2d 286."

In Brownell v. Pacific R. Co., 47 Mo. 239, there were two counts on separate theories for wrongful death. The case was tried by a jury and resulted in a general verdict and judgment. In affirming, the Supreme Court held (l.c. 243):

"But if there is one entire cause of action, and one good count in the declaration, a general verdict and a general assessment of damages will answer."

We have examined the allegations of Counts II and III of plaintiff's petition as to the liability of Model and its co-defendant Ray and hold that the judgment was responsive to the pleadings and that the failure of the judgment to *recite* the particular count upon which damages were assessed is not an irregularity to justify the sustention of Model's motion to vacate. At most this omission would constitute an *informality* not affecting the *validity* of the judgment. Civil Rule 74.30(13), V.A.M.R.

 Model's claim of irregularity because Count II of plaintiff's petition did not pray for judgment, but instead prayed for "damages", is without merit. Technical forms of pleading are not required by the Civil Code of Procedure or by Supreme Court Rules. Civil Rule 55.05, V.A.M.R.; § 509.040, RSMo 1959, V.A.M.S. The

---

**3.** Civil Rule 74.045, V.A.M.R.: "If a defendant shall fail to file his answer or other pleading within the time prescribed by law or the rules of practice of the court, and serve a copy thereof upon the adverse party, or his attorney, when the same is required, an interlocutory judgment shall be given against him by default." This rule is the same as § 511.-110, RSMo 1959, V.A.M.S.

prayer for relief is not a part of the pleading and the omission thereof does not oust the court of jurisdiction on the subject matter. Eldon Ice & Fuel Co. v. Van Hooser, 163 Mo.App. 591, 147 S.W. 161; State ex rel. Standefer v. England, Mo.App., 328 S.W.2d 732, and cases cited therein. Having thus determined that the judgment against Model was responsive to the pleadings and the evidence, we need not consider waiver of this omission by Model. Elmore v. Cox, Mo.App., 9 S.W.2d 681. We have examined Johnson v. Underwood, 324 Mo. 578, 24 S.W.2d 133, and Wooten v. Friedberg, 355 Mo. 756, 198 S.W.2d 1, relied upon by Model and rule they have no application to the instant case.[4]

In support of its contention that the judgment was not based on the service upon Model of a valid summons, the argument is advanced that the caption of the summons omitted its name. A copy of the summons is before us and it clearly refutes Model's contention. Model's name is set out separately from co-defendant Ray's name and with spacing between them. The summons itself demonstrates compliance with Civil Rule 54.04, V.A.M.R., and applicable statutes. The petition names Model as a defendant and the sheriff's return conclusively shows service of both the summons *and* a copy of the petition in the mode and manner provided for by law.

We turn now to Model's charge of irregularity that there is a failure of the record to show compliance with Rule 14A of the Circuit Court of St. Louis County. This local court rule provides for the clerk to give notice by mail to a defendant, or its attorney of record, of the date of the trial of a default case at least five days prior to the trial date. This point was not raised by Model in its motion to vacate or set aside the judgment or in its "motion for new trial" and plaintiff claims Model is now foreclosed from raising it before us, citing Civil Rules 79.03 and 83.13, V.A.M.R., and Mid-West Engineering and Const. Co. v. Campagna, Mo., 421 S.W.2d 229. Further, plaintiff cites this court's opinion in Wade v. Wade, Mo.App., 395 S.W.2d 515 as being determinative of this assignment. Without deciding the matter of preservation of the point by failing to timely raise the same, we do consider this allegation of irregularity and hold that the reasoning of the Wade case and Meadowbrook Country Club v. Davis, Mo., 421 S.W.2d 769, is equally applicable here. In ruling that Rule 3K of the Circuit Court of St. Louis County was invalid, our Supreme Court observed (l.c. 773):

" * * * The trial courts are authorized by our Rule 50.01 to enact rules governing their judicial business if such are 'not contrary to the rules of the Supreme Court, to the Constitution or to statutory law in force'. Whether Rule 3K be considered as a procedural rule (as plaintiff contends) or not, it definitely constitutes an enlargement of the modes of jury waiver prescribed by statute and by our rule, and thus contravenes both. * * *" (l.c. 774) " * * * The requirements, in toto, are in contravention of the statute and of our Rule 69.01(b); they impose terms more onerous than does the statute; Rule 3K is invalid. See, by way of analogy, Wade v. Wade, Mo.App., 395 S.W.2d 515. * * *"

In the case at bar § 506.100 RSMo 1959, V.A.M.S., and Civil Rule 43.01(a), V.A.M.R., prescribes the manner and mode of service of pleadings and papers on parties

---

4. Johnson v. Underwood, 324 Mo. 578, 24 S.W.2d 133, holds that a decree rendering judgment for the improvement of *two* distinct projects is not responsive to a petition for the improvement of *one* project, and hence the order was irregular *on its face.*
Wooten v. Friedberg, 355 Mo. 756, 198 S.W.2d 1, involved specific performance and the court ruled that a judgment giving the plaintiffs title and also giving them the right to take back the consideration they had paid by deposit was an irregularity under the statute authorizing motion to vacate.

*and specifically excludes the necessity of further notice to parties in default.* What this court said in Wade, supra, is applicable to Model's present complaint (l.c. 518):

"The law has fixed the rights and duties of the parties with reference to the right to have a case heard, and the duties with reference to the obligation to plead within a certain time. Rule 26–E deprives the plaintiff of that right until and unless he complies with the service of notice, which the law specifically says is not necessary."

■■■ We hold that this Circuit Court rule relied upon by Model is invalid and the failure to comply therewith before judgment was not an irregularity which would warrant setting aside the judgment. Model's citation of Douglas v. Thompson, Mo., 286 S.W.2d 833, is fully answered and distinguished in Wade, supra.

In its reply brief Model re-states the foregoing alleged irregularities and then suggests another purported irregularity. The latter was also advanced in oral argument. We decline the invitation to consider further alleged irregularities since Model's attempt to raise the same in its reply brief and oral argument is violative of Supreme Court Rules.

The judgment not being subject to attack for irregularities patent on the face of the record, the trial court properly denied the motion to vacate and set aside. The action of the trial court is affirmed.

ANDERSON, P. J., and SAMUEL E. SEMPLE, Special Judge, concur.